**Carol BORING, Plaintiff,**

v.

**Ben R. KELLER, Jr., M.D., Defendant.**

**No. 81–K–1254.**

United States District Court,
D. Colorado.

Feb. 16, 1983.

Philip A. Harley, Cox & Wedgle, P.C., Denver, Colo., for plaintiff.

Peter W. Pryor, Pryor, Carney & Johnson, P.C., Englewood, Colo., for defendant.

## ORDER

KANE, District Judge.

This is a medical malpractice action where the plaintiff claims that the defendant performed a total abdominal hysterectomy upon her without her informed consent.

Counsel for plaintiff deposed two of defendant's expert witnesses on July 26 and August 2, 1982. During the course of the first deposition with Dr. Richards, plaintiff's attorney asked the deponent to identify each document which he had inspected to prepare for the deposition and the rendering of his expert opinion. Counsel for the defendant suggested that the documents be assembled and marked as a single exhibit in order to save time. Plaintiff's counsel agreed to the procedure, and the exhibit was marked and attached to the deposition.

Shortly thereafter, defendant's attorney, Peter Pryor, telephoned plaintiff's attorney and informed him that an unedited version of plaintiff's deposition summary had inadvertently been included with the documents supplied to the expert witnesses. This unedited summary contained Pryor's impressions and evaluations of Mrs. Boring's appearance and demeanor as a witness, in addition to a summary of her substantive testimony. Also, it was discovered that the same document had been provided to and reviewed by Dr. Hutto, the defendant's second expert witness.

In addition to Pryor's description and impressions of the parties, both expert witnesses were provided with an "expert witness letter." The letter contained general suggestions to experts for their deposition testimony, as well as counsel's impressions, thoughts and opinions regarding issues which are generally encountered in medical malpractice cases. Apparently, the letter did not discuss any specifics of the present action, nor did it suggest that the expert testify to any fact or set of facts.

Pryor requested permission to withdraw that portion of the exhibit which included his mental impressions on the ground that it was work product, and as such, was privileged. Plaintiff's counsel agreed to allow withdrawal of the exhibit, but refused to acknowledge that it was privileged. Defendant's attorney refused to allow the plaintiff to inspect a copy of the document, and the issue was submitted to the magistrate for determination.

On January 4, 1983, the magistrate granted plaintiff's Motion to Compel Production of Documents Pursuant to Rules 26 and 37. The defendant was ordered to produce the summary of the deposition and the letter which had been provided to the defendant's expert witnesses. The magistrate noted that, "[u]nder the circumstances here presented, it is concluded that the documents in question will most probably have an influence on the evidence presented by testimony and, therefore, opportunity must be afforded to the plaintiff to evaluate the possible effect of this material and depose or cross-examine accordingly."

It is this order which the defendant moves the court to reconsider.

Generally, defendant alleges that the magistrate's order was erroneous and contrary to established law. In these circumstances, and especially in view of the sanctity of opinion work product which is recognized in F.R.Civ.P. 26(b)(3), he asserts that the Motion to Compel Discovery should be denied.

F.R.Civ.P. 26(b)(3) codifies the work product doctrine which was recognized in *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and provides that "the Court shall protect against disclosure of the mental impressions, conclusions, opinion, or legal theories of an attorney...." This is the definition of "opinion work product" as adopted by F.R.Civ.P. 26. Defendant claims that while it is not afforded absolute protection under Rule 26, it is discoverable only in unique and unusual circumstances, and upon a showing of compelling need. *In re Murphy,* 560 F.2d 326 (8th Cir.1977). Opinion work product is therefore distinguished from ordinary work product, in which discovery is allowed upon a showing of substantial need and the inability to procure similar information from other sources.

Defendant also claims that disclosure of opinion work product materials to a third party does not constitute a waiver of the work product privilege. *U.S. v. A.T. & T. Co.,* 642 F.2d 1285, 1299 (D.C.Cir.1980). Therefore, defendant asserts that where the privilege is not waived, discovery of opinion work product is permissible only upon a showing of extreme and unusual circumstances. However, in support of this proposition, defendant relies upon a decision in which the witness was not an expert witness. *Al-Rowaishan Establishment Universal Trading & Agencies, Ltd. v. Beatrice Foods Co.,* 92 F.R.D. 779 (S.D.N.Y.1982). Nevertheless, defendant argues that the magistrate failed to distinguish between the two work product classifications and, as a result, he applied the incorrect standard for determining whether the materials were discoverable.

Finally, defendant claims that the documents in question reveal no exigent or unique circumstances which favor discovery of the documents. The edited deposition summary has been provided to plaintiff's counsel. Therefore, plaintiff will be able to challenge the expert witnesses' understanding of Mrs. Boring's testimony. Since plaintiff has not suggested that the documents were supplied to the experts for any improper or illegitimate purpose, discovery is not necessary.

The defendant argues that the magistrate erred in concluding that "the docu-

ments in question will most probably have an influence on the evidence presented by testimony" of the defendant's experts. Based on the testimony of the expert witnesses, there is no factual basis for concluding that counsel's comments about the plaintiff had any effect on the witnesses' opinions or testimony. Also, the expert witness letter did not contain any instructions to the witnesses on how or about what to testify, nor did it discuss any aspect of the present action. Accordingly, it is not subject to discovery or production under Rule 612.

Defendant claims that the magistrate failed to consider the actual effect which the disputed documents had on the witnesses' testimony, and he erroneously concluded that the documents had an influence on the testimony and were discoverable.

Should the Motion to Reconsider be denied, defendant requests restrictive orders to prevent the dissemination of the letter and to minimize the harm done to counsel by virtue of the production.

Generally, plaintiff contends that all facts known to an expert which are relevant to his opinion and which were known to him at the time he was forming his opinion are discoverable.

Rule 26(b)(4) provides that a party is entitled to discover facts made known to an adverse expert because a party should be allowed to prepare for cross-examination and impeachment of any prospective witness. Here, plaintiff seeks discovery of critical information which was shared with defendant's expert witnesses, but was not shared with the plaintiff. Plaintiff asserts that this sharing of defense counsel's mental impressions and characterizations of a party to the case will affect the credibility of the parties in attempting to resolve whether Mrs. Boring gave her informed consent to the medical procedure. Here, plaintiff argues that Pryor's mental characterizations of both parties may adversely affect an expert's ultimate opinion of whether the defendant had in fact received an informed consent from his patient. Therefore, if plaintiff is prevented from examining the documents in question, there will be no opportunity to impeach the expert's opinion during cross-examination. Plaintiff will not be able to demonstrate that the witnesses were unfairly prejudiced by Pryor's views of the parties.

Plaintiff relies upon *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), in which the Supreme Court stated that under certain circumstances, discovery of relevant and non-privileged facts which were prepared or obtained by an adversary's counsel may be properly had. The court specifically stated that written statements and documents may "be useful for purposes of impeachment or corroboration."

Therefore, plaintiff argues, defendant's reliance upon the opinion work product rule is inappropriate. Under these circumstances, Pryor's work product was given to an expert witness, and that work product could permeate the expert's opinion. Thus, plaintiff argues, Pryor's work product is now relevant and available to the discovery process. These documents would fulfill the purpose of discovery by allowing plaintiff to assist in the impeachment of the adverse party. It is alleged that the documents are not available from any other source, nor is the information which is contained within the documents.

Plaintiff also argues that an expert's opinion and the underlying facts supporting the opinion have traditionally constituted an exception to the work product rule. *U.S. v. McKay,* 372 F.2d 174 (5th Cir.1967); *U.S. v. Meyer,* 398 F.2d 66 (9th Cir.1960). Plaintiff relies upon the liberal construction generally applied to discovery rules, and asserts that the rule of liberal construction has led most authorities to conclude that all facts made known to an expert are subject to disclosure pursuant to a proper discovery request. Accordingly, the opinion work product rule is no exception to discovery under circumstances where documents which contain mental impressions are examined and reviewed by expert witnesses before their expert opinions are formed. *In re IBM E.D.P. Devices Antitrust Litigation,* 77 F.R.D. 39 (N.D.Cal.1977); *U.S. v. IBM Corp.,* 72 F.R.D. 78 (D.C.N.Y.1976).

In conclusion, plaintiff argues that a court may order the disclosure of an attorney's opinion work product when it has been supplied to an expert, and when the validity of an expert's opinion may be tested by challenging the facts which were supplied to him and were relied upon by him. Under the circumstances present in this case, defendant's reliance on the opinion work product rule is misplaced.

Plaintiff asserts that defendant's actions were responsible for the examination of the documents by the expert witnesses. Defendant's attorney voluntarily marked the documents as an exhibit to a deposition. The documents were voluntarily produced, and there is no rule which compels the withdrawal of the documents. In conclusion, defendant should be required to produce the documents which are sought.

 Opinion work product is normally afforded a very high degree of immunity, but it is also subject to discovery when the need for such information is at issue and compelling. 10 Fed.Proc. 1 Ed § 26:46. One situation in which opinion work product is not protected is where an expert witness utilizes counsel's opinion work product in order to formulate his or her opinion. There are two reasons for this.

First, the protection which F.R.Civ.P. 26(b)(3) affords to opinion work product is not absolute, and it can be waived. *U.S. v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975). What constitutes a waiver depends upon the circumstances, and in circumstances where an expert witness is involved, a waiver of the opinion work product privilege is possible.

The opinion at which an expert witness arrives, and the underlying facts and opinions supporting the opinion have traditionally constituted an exception to the work product rule. *U.S. v. McKay*, 372 F.2d 174 (5th Cir.1967); *U.S. v. Meyer*, 398 F.2d 66 (9th Cir.1960). The opinions, data and analyses upon which the expert opinion rests are "interdependent elements which together constitute the product of the . . . (expert witness') expertise. They do not become the work product of the attorneys merely because the attorneys confer and counsel with the (expert witness); they are not immunized from discovery merely because the (expert witness) may have set them out in reports to counsel." *Meyer*, 398 F.2d at 74.

This exception standing by itself does not automatically waive the privilege in the situation where "opinion" work product is provided to an expert witness to consider, and discovery of that work product is desired. However, courts have extended the expert witness exception and have held that a waiver of the privilege exists where counsel has delivered work product to an expert to be "useful to the client," but then withholds the material from an adversary who seeks to exploit the fact of this assistance in cross-examining the witness. *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D.N.Y.1977); 10 Fed Proc.L.Ed § 26:48. In particular, the protection has been waived because immunized materials should not remain undiscoverable after they have been used to influence and shape testimony. *Id.* Therefore, there is a compelling rationale for concluding that in these circumstances, a waiver of the privilege exists, and that pursuant to F.R.Civ.P. 26(b)(1), a party may obtain discovery from an expert witness regarding any matter, including "facts and opinions acquired or developed in anticipation of litigation or for trial and material prepared in other contexts." *In re IBM I.D.P. Devices Antitrust Litigation*, 77 F.R.D. 39 (N.D.Cal.1977). Accordingly, the opinion work product rule is no exception to discovery under circumstances where documents which contain mental impressions are examined and reviewed by expert witnesses before their expert opinions are formed. *Id.; U.S. v. IBM Corp.*, 72 F.R.D. 78 (D.C.N.Y.1976).

The second reason which compels the discovery of work product information is that the purpose of F.R.Civ.P. 26 will be frustrated if these documents are held to be outside the scope of discovery. Rule 26(b)(4) provides that a party may discover "facts known and opinions held by experts," so that a party may prepare for cross-exam-

ination and impeachment of any prospective witness. Generally, courts have construed discovery rules liberally. With respect to discovery of the work product of a lawyer, the U.S. Supreme Court has stated that under certain circumstances, discovery of "written materials obtained or prepared by an adversary's counsel with an eye toward litigation" is permissible. The circumstances in which the written documents might be subject to discovery are where production is essential to the preparation of one's case, and where they might be useful for purposes of impeachment and corroboration. *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

■ Here, plaintiff seeks discovery of critical information which was shared with defendant's expert witnesses, but was not shared with plaintiff. The information which was shared will affect the credibility of the witnesses in determining the issue at hand. It may adversely affect an expert's ultimate opinion of whether the defendant had received an informed consent from the plaintiff. If plaintiff is prevented from examining the documents, plaintiff will not have the opportunity to impeach the expert witnesses at cross-examination. The documents will remain undiscoverable, and this will frustrate the purpose of F.R.Civ.P. 26(b)(4).

The better rationale seems to be that the documents are relevant to the case and are available to the discovery process. The production of the documents fulfills the purpose of discovery by allowing the plaintiff to assist in the impeachment of the adverse party and witnesses. In this way, plaintiff will have an opportunity to demonstrate whether the witnesses were unfairly prejudiced by Pryor's opinion of the plaintiff.

IT IS ORDERED that the magistrate's ruling is affirmed.