**Joan HAMEL, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

No. 86–4388.

United States District Court, D. Kansas.

Sept. 15, 1989.

---

deposition. Before plaintiff's counsel could see the file, defendant's counsel removed the documents in question on the grounds that they were privileged from discovery. During the deposition, plaintiff's counsel discovered that the documents had been removed. Subsequently, plaintiff filed a motion to compel the production of the documents. The Magistrate's decision must be upheld unless it is "clearly erroneous or contrary to law." FED.R.CIV.P. 72(a).

The court shall focus on the work product privilege in this opinion. A party claiming work product protection has the burden of establishing that the material sought to be protected as work product comes within the doctrine. *BarclaysAmerican Corp. v. Kane,* 746 F.2d 653, 656 (10th Cir.1984); *Conoco Inc. v. United States Dep't of Justice,* 687 F.2d 724, 730 (3d Cir.1982). To establish that the material in question is work product, it must be shown that the material was prepared or obtained because of the prospect of litigation by a party or representative of a party to the litigation. *Laxalt v. McClatchy,* 116 F.R.D. 438, 441 (D.Nev.1987); *Delco Wire & Cable Inc. v. Weinberger,* 109 F.R.D. 680, 689 (E.D.Pa.1986). It is undisputed that this showing has been made in this case.

The law is unclear, in part, as to plaintiff's burden after defendant has established that the documents are work product. Under FED.R.CIV.P. 26(b)(3), a party may obtain documents prepared in anticipation of litigation "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Even if such a showing is made, however, Rule 26 proceeds to admonish: "the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Thus, under Rule 26 there are two types of work product to consider: factual work product—the

Gary E. Laughlin, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for plaintiff.

Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, Kan., Thomas O. Baker, R. Douglas Gentile, Baker & Sterchi, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon a motion to review a ruling of a Magistrate. The Magistrate held, after an *in camera* inspection of 42 documents transmitted to defendant's expert witness by defendant's counsel, that production of the documents was not barred by the work product or attorney-client privilege. Plaintiff had requested the expert to bring his file to his

gathering of facts in anticipation of litigation; and opinion work product—the development of mental impressions, opinions or legal theories in anticipation of litigation.

 There is a balancing test to apply under Rule 26 for the production of factual work product. One must consider whether there has been a showing of substantial need and undue hardship in obtaining the materials or the substantial equivalent of the materials. Some courts have held there is an absolute privilege against discovery of opinion work product. *Duplan Corp. v. Moulinage, et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974), *cert. denied*, 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1974); *North Carolina Electric Membership Corp. v. Carolina Power & Light Co.*, 108 F.R.D. 283 (M.D.N.C. 1985). But, as the annotation at 84 A.L.R. Fed. 779 suggests, many courts have applied some kind of balancing test to determine the discoverability of opinion work product. The Supreme Court, in *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), did not decide whether opinion work product was absolutely privileged, but held, *if* a balancing test *was* applied, that a "far stronger showing of necessity and unavailability by other means than was made by the Government or applied by the Magistrate ... would be necessary to compel disclosure." 449 U.S. at 402, 101 S.Ct. at 689. In *Upjohn*, the Magistrate had applied the standard contained in FED.R.CIV.P. 26(b)(3) for fact work product. The Supreme Court stated that Rule 26 "accords special protection to work product revealing the attorney's mental processes." 449 U.S. at 400, 101 S.Ct. at 688. But, to reiterate, the Court did not state whether the "special protection" is absolute; the Court simply indicated that to surmount the privilege for opinion work product a "far stronger showing" was required than just a substantial need for materials which are unavailable without undue hardship.

The question becomes whether plaintiff has made such a showing in this case. Plaintiff suggests that the material in question is needed to impeach defendant's expert, i.e., to suggest that the expert developed his opinions from or was influenced in his opinions by the statements of defendant's counsel. Thus, it appears plaintiff is primarily interested in opinion work product. Plaintiff's position is buttressed by the provisions of FED.R.CIV.P. 26(b)(4)(A)(i) which permits discovery of "the substance of the facts and opinions to which [an] expert is expected to testify and a summary of the grounds for each opinion."

Two cases provide some direct support for plaintiff's position. In *Boring v. Keller*, 97 F.R.D. 404 (D.Colo.1983), the court held that a deposition summary containing counsel's mental impressions of the plaintiff could be discovered because it was provided to defendant's expert witnesses and could arguably have influenced the experts' opinions. In essence, the court held that the use of immunized materials to shape or influence testimony provides a compelling reason for the waiver of immunity from discovery.

A second case also permitted discovery of two documents furnished by counsel to an expert medical witness. *Occulto v. Adamar of New Jersey, Inc.*, 125 F.R.D. 611 (D.N.J.1989). The facts of this case are so unique, however, that the case has little precedential value for the facts at hand. In *Occulto*, the documents in question indicated that the plaintiff's attorney wrote every word of his expert's report.

Another line of cases provides indirect support for plaintiff's position: *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138 (D.Del.1982); *Marshall v. United States Postal Service*, 88 F.R.D. 348 (D.D.C.1980); *Wheeling–Pittsburgh Steel Corp. v. Underwriters Laboratories, Inc.*, 81 F.R.D. 8 (N.D.Ill.1978); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 74 F.R.D. 613 (S.D.N.Y. 1977); *Bailey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D.Ill.1972). These cases indicate that the use of work product to refresh a witness's memory or to prepare the witness for examination should waive any immunity from the production of the work product.

In the case at bar, there has been no showing that the documents in question were used to refresh the expert's memory or to prepare the witness for examination. Nor has there been any showing of which of the documents, if any, were relied upon by the expert to develop an opinion in this case. To this court's knowledge plaintiff's counsel has not asked the expert to identify documents which he used to refresh his memory; prepare for his deposition; or develop an opinion in this case. If such a question was asked, we are not aware that any of the documents in question were identified by the witness. Thus, plaintiff's showing of a "substantial need" for the documents rests on two assumptions: that the witness was influenced by the documents in the development of his opinion; and that, if asked if he was so influenced, and, if so, by what documents, the witness would prevaricate. This is not a strong showing of a substantial need for documents which cannot be obtained without undue hardship. It is not sufficient to override the strong policy against disclosure of opinion work product. See *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 595 (3d Cir.1984); see also, *Bethany Medical Center v. Harder*, Case No. 86–4388, 1987 WL 47845, 1987 U.S. Dist. LEXIS 2482 (D.Kan. 3/12/87).

Moreover, unlike the *Boring* and *Occulto* cases, plaintiff is not asking for an examination of one or two specific documents. Instead, plaintiff is asking for a review of 42 documents, each of which was prepared in anticipation of litigation and is protected under the work product doctrine. Thus, the motion to compel takes on the appearance of a fishing expedition. Perhaps, this is where the court's *in camera* inspection may be useful in these cases. Plaintiff's counsel has not seen and therefore, cannot point to a particular document which may be valuable in impeachment. However, the court's review of the documents has not uncovered any clear evidence of an attempt to coopt the expert's independence of judgment.

After reviewing the documents, the court does not believe documents nos. 9, 16, 17, 18, 25, 26, 30 through 42 could possibly be needed for impeachment of the witness. These documents mostly concern mundane aspects of case and trial preparation. Document nos. 14, 19, 22, 27, 28, and 29 do not contain mental impressions or opinion, but indicate materials supplied to the witness for his examination. We do not believe plaintiff has shown why he could not learn from the witness, himself, what materials he examined. Nor has plaintiff shown why these documents would be necessary to impeach whatever answer was received to that question. Document nos. 1 through 7, 10 through 13, 15, 20, 21, 23 and 24 contain material which could be labelled opinion work product. It is conceivable that a few parts of these documents could be used for the impeachment purposes identified by plaintiff. But, we do not believe the need for such impeachment material has been shown so strongly or that relevance of this material for impeachment purposes is so clear from our *in camera* examination, that the immunity from production for opinion work product material should be lifted.

■ Finally, if plaintiff's contention is that the work product protections were waived by defendant simply by the transmission of the documents to defendant's expert, we reject that argument. See *Bogosian v. Gulf Oil Corp., supra,* 738 F.2d at 593 and authorities cited therein.

■ In conclusion, we are sensitive to the concerns that expert witnesses may obtain the facts and grounds for their opinions, or even the opinions themselves, from the attorneys who retain them. Furthermore, we do not pretend to completely understand or support the practice of making an expert witness the recipient of all the correspondence in question in this case. Nevertheless, the speculative need for the production of opinion work product shared with an expert witness can be raised in almost any case. Little more than a speculative need for the documents in question has been demonstrated in this case. A strong showing of substantial need, as required by the Supreme Court has not been made. In addition, an inquiry as to the

grounds for an expert's opinion can be pursued through interrogatories, deposition and cross-examination at trial. Therefore, a strong showing that the material in question is unavailable to plaintiff, again as required by the Supreme Court, has not been made. The showing is not made significantly stronger after this court's *in camera* inspection of the documents. Accordingly, the court finds that the Magistrate's decision is clearly erroneous and contrary to law. The decision is reversed and the motion to compel is denied.

IT IS SO ORDERED.