### WILLIAM PENN LIFE ASSURANCE COMPANY OF AMERICA, Plaintiff,

v.

### BROWN TRANSFER AND STORAGE CO., INC., et al., Defendants/Third-Party Plaintiffs,

v.

### Frederic GOODMAN and Financial Diversified Services, Inc., Third-Party Defendants.

No. 88–6080–CV–SJ–6.

United States District Court, W.D. Missouri, St. Joseph Division.

Feb. 9, 1990.

R. Dennis Wright, Terrence Ahern, Hillix, Brewer, Hoffhaus, Whittaker & Horner, Kansas City, Mo., for plaintiff.

Richard K. Andrews, Robert W. McKinley, Swanson, Midgley, Gangwere, Clarke & Kitchin, Joseph A. Sherman, Sherman, Wickens, Lysaught & Speck, Kansas City, Mo., for defendants/third-party plaintiffs.

### MEMORANDUM AND ORDER

SACHS, Chief Judge.

Third-party defendants Frederic Goodman and Financial Diversified Services, Inc., have filed a Motion to Compel Discovery. The third-party defendants seek to compel Bruce McClelland, expert witness for plaintiff William Penn Life Assurance Company, to respond to questions regarding the nature and content of the expert's conversations with plaintiff or plaintiff's counsel concerning the expert's opinion of Mr. Goodman's conduct. Plaintiff has objected to the questions asserting attorney-client privilege and work product immunity.

Representative of the questions to which plaintiff's counsel objected and to which

counsel advised the witness not to respond are the following quotes:

Have you had a discussion with [plaintiff's counsel] about the pending question? ... What was the nature of the discussion?

....

Have you and [plaintiff's counsel] had any discussions about the advice that Mr. Goodman gave to Brown Transfer about the existing C and A policy?

....

Have you had any discussion with [plaintiff's counsel] about the conduct of Mr. Goodman on June 6th and the opinions you have expressed on that subject?

The third-party defendants rely on *Boring v. Keller*, 97 F.R.D. 404 (D.Colo.1983). Defense counsel in a medical malpractice action had provided an expert witness with documents to assist him in preparing for deposition and in reaching his expert opinion. Those documents included defense counsel's impressions of the plaintiff's demeanor, a summary of her deposition testimony, and his thoughts and opinions regarding medical malpractice suits in general. The court's opinion arose from its review of a magistrate's order requiring defense counsel to produce the documents.

The court upheld the magistrate's ruling, noting that although opinion work product is normally entitled to a high level of protection from discovery, an exception to that general rule exists when opinion work product is provided to an expert witness before the witness forms his opinion. *Id.* at 406. The Federal Rules provide for the discovery of the materials upon which an expert witness bases his opinion. When the thoughts and observations of an attorney form a part of that material, the attorney's opinion becomes discoverable. Without discovery of such material the adversary is deprived of the opportunity to adequately explore the extent to which counsel's observations affected the expert's opinion, and to impeach the expert on that basis. *Id.* at 408.

A contrary position is found in *Bogosian v. Gulf Oil Co.*, 738 F.2d 587 (3d Cir.1984). There the court reviewed the decision of the trial court to order production of documents, including legal memoranda, that had been provided to expert witnesses. The court determined that the materials containing opinion work product were not discoverable. Although such materials could have some value to opposing counsel in preparing for impeachment of the experts, the court concluded that the policy against disclosure of work product overrode the impeachment value of the materials. *Id.* at 595.

Judge Becker dissented, advancing an argument similar to that found in *Boring, supra.* He disagreed with the majority's proposition that the policy in favor of immunity for opinion work product necessarily outweighs the value such material provides for impeachment of expert witnesses. Judge Becker concluded that when the possibility exists that the attorney's opinion was instrumental in the formation of the expert's opinion, the need to reveal that possibility to the trier of fact outweighs the need to protect the attorney's work product. *Bogosian,* 738 F.2d at 598.

The court is persuaded by the reasoning expressed in the *Boring* opinion and the *Bogosian* dissent. Although both cases dealt with discovery of documents containing opinion work product and the motion here seeks to compel deposition answers, the distinction does not override the principles discussed above. Insofar as the questions at issue in the instant case sought to elicit matters that plaintiff's counsel had communicated to the expert witness, the third-party defendants are entitled to explore the effect those communications had on the expert's formation of his opinion. Accordingly, it is hereby

ORDERED that Mr. McClelland shall answer questions concerning information or opinions that plaintiff's counsel provided to him to assist him in forming his expert opinion.