[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
RE: MOTION TO COMPEL AND MOTION FOR COMPLIANCE
The plaintiff instituted the present action seeking to recover damages for personal injuries claimed to have been sustained as a result of the negligent operation of a motor vehicle by the defendant. After the institution of suit the insurance carrier for the defendant hired an expert to perform an accident reconstruction investigation. The plaintiff noticed the deposition of the expert and requested the contents of the expert's file. At the deposition, certain documents contained in the expert's file were disclosed to the attorney of the plaintiff. However, two documents were removed from that file and the plaintiff has now moved to CT Page 3312 compel disclosure of those documents and for a reconvening of the deposition. While the defendant objects to the production of the documents, and no claim is made that the expert is not a witness who will be produced at the trial of the action.
The first document, Exhibit I, contains general file information concerning identity of the parties, the insurance carrier's file number, the date of loss etc., to which the defendant asserts no objection to disclosure. Exhibit I also contains notes of defense counsel from a telephone conversation between defendant and the attorney which is not a verbatim transcript of that conversation but rather a synopsis of the discussion. The second document, Exhibit 2, was prepared by an investigator for the defendant and contains, in part, comments of the investigator concerning his opinions and conclusions with respect to a witness.
The defendant asserts that the material requested is not subject to disclosure based upon the attorney/client privilege and upon the attorney work product privilege. While privileged communications extend to communications made through agents, a witness, who is to be utilized at trial, is not regarded as an agent for these purposes. Cokely v. Lehn and Fink Products Inc.,2 CSCR 929 (August 10, 1987) (Dorsey, J.). The communication of information to an expert witness who is to be used at trial would appear to be done for the purpose of providing information relevant to the opinions to be expressed by the expert. In appropriate situations, the attorney work product privilege does not prevent discovery of materials provided to such a witness. Boring v. Keller, 97 F.R.D. 404, 407-408 (DC Col. 1983).
The plaintiff has a right to investigate the factual basis of any opinions, expressed by the expert, the nature of any facts that may have been disregarded by the expert as not being relevant to his opinion, and the nature of the request made to the expert. Accordingly, the plaintiff has a right to review any information contained in Exhibits I and 2 which constitute an assertion of fact relating to the incident, or a version of the facts relating to the incident. The plaintiff also has a right to review the nature of any request made to the expert. The defendant shall not however, be required to disclose information concerning the mental impressions, conclusions, opinions, or legal theories by a party, the attorney for a party or other representative of a party concerning the litigation. See, Practice Bk. 219.
The request by the plaintiff that the defendant be compelled to pay the cost and expenses and any resumed deposition is denied.
Insofar as the parties may be unable to agree as to the scope of this order the parties are left to other forms of procedure CT Page 3313 including, if they so desire, an, in camera, review of the Exhibits by the court.
RUSH, J.