**ALL WEST PET SUPPLY COMPANY,**
**a/k/a West Denver Feed Company,**
**Plaintiff,**

v.

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, and Veterinary Companies of America, Inc., Defendants.**

**HILL'S PET PRODUCTS DIVISION, COLGATE–PALMOLIVE COMPANY, Counterclaim Plaintiff,**

v.

**ALL WEST PET SUPPLY COMPANY and Michael I. Bernstone, Counterclaim Defendants.**

Civ. A. No. 92–1174–DES.

United States District Court, D. Kansas.

Dec. 16, 1993.

Ronald D. Heck, Heck & Sheppeard, P.A., Topeka, KS, and Paul J. Hanley and Phyllis M. Ain, Durham & Baron, P.C., Denver, CO, for All West Pet Supply Co. aka West Denver Feed Co.

Steven K. Morse, Hill's Pet Nutrition, Inc., Topeka, KS and Jeffrey F. Reiman, Reiman & Associates, P.C., Denver, CO, for Hill's Pet Products Div., Colgate–Palmolive Co., Veterinary Companies of America, Inc.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of the defendant and counterclaim plaintiff Hill's Pet Products Division, Colgate–Palmolive Company ("Hill's"), and defendant Veterinary Companies of America, Inc. ("VCA"), for an order to compel the plaintiff, All West Pet Supply Company, ("All West") to produce certain documents and information related to the opinion testimony of plaintiff's expert witness. In response, All West has filed a motion for a protective order as to the documents and information sought by the defendants.

All West engaged Robert M. Purinton ("Purinton") as its expert witness to assess its financial damages as a result of the alleged misappropriation by the defendants of information supplied by All West while a distributor of Hill's pet products. Purinton, an accountant, will testify at trial that All West's lost profits as a result of the alleged misuse are $1,581,600, and that the defendants' incremental profits from misusing the information total $2,092,444. *See* Pretrial Order, at 12–13.

Both parties assert that they were previously ordered to comply with the proposed revisions to the Federal Rules of Civil Procedure with regard to disclosure of information on expert witnesses.[1] The revised rules have since taken effect as of December 1, 1993. Accordingly, both parties have filed reports signed by their expert witnesses who were retained to provide testimony in this case. *See* Fed.R.Civ.P. 26(a)(2)(B) (effective Dec. 1, 1993). Purinton filed a preliminary report on February 1, 1993, and a supplemental report on February 22, 1993.

1. *Documents Prepared by All West's Counsel.* The defendants first assert that they are entitled to copies of certain documents they allege were relied upon by plaintiff's expert,[2] notwithstanding All West's assertion that they constitute attorney opinion work product and are therefore not discoverable.

During discovery, the defendants requested that All West produce, for each of its experts, "all documents received, reviewed,

1. This case was referred to Magistrate Judge Reid for pretrial case supervision pursuant to D.Kan. Rule 207 and 602(b). Judge Belot entered the pretrial order on July 6, 1993, upon termination of the referral to Judge Reid. On September 30, 1993, the case was reassigned to this court.

2. At the time Purinton was deposed, there were 26 documents in his files that plaintiff claimed were not discoverable. Referring collectively to all of the documents then in dispute, Purinton testified at the deposition, "They were considered as I was doing my work." Deposition of Robert Purinton, May 3, 1993, at 17. The plaintiffs do not appear to dispute the defendants' assertion that Purinton relied on the two specific documents in question in formulating his opinion.

created, relied on, utilized, referred to, or maintained by such expert in connection with his or her engagement on behalf of All West ... or in connection with the formation of opinions to which the expert will testify." Most of these documents were provided to the defendants during the course of discovery. However, two documents remain in dispute. The first is a four-page memorandum titled "Market Value of the Trade Secret" transmitted by telefacsimile from Solomon Baron, a member of the law firm representing plaintiff, to Robert Purinton on January 20, 1993. The other is a letter from Solomon Baron to Steve Schuster, a certified public accountant, dated August 18, 1992, pertaining to the background of this litigation, in anticipation of a meeting with plaintiff's attorneys and Michael Bernstone, plaintiff's chief executive officer.

Fed.R.Civ.P. 26, as revised effective December 1, 1993, reads in pertinent part as follows:

**(a) Required Disclosures; Methods to Discover Additional Matter.**

....

**(2)** *Disclosure of Expert Testimony.*

**(A)** [A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

**(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case ..., be *accompanied by a written report prepared and signed by the witness.* The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; *the data or other information considered by the witness in forming the opinions;* any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an

expert at trial or by deposition within the preceding four years.

....

**(b) Discovery Scope and Limits.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

....

**(3)** *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) *only upon a showing that the party seeking discovery has substantial need of the materials in preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.* In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

(4) *Trial Preparation: Experts.*

**(A)** A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

....

**(5)** *Claims of Privilege or Protection of Trial Preparation Materials.* When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected,

will enable the parties to assess the applicability of the privilege or protection.

(Emphasis added.) Both subsections (b)(3) and (b)(4) of Rule 26 impose limitations on the general rule stated in Rule 26(b)(1) favoring liberal discovery.[3]

■ In this case, the parties do not dispute that the documents in question were prepared by an attorney for the plaintiff in anticipation of litigation or preparation for trial, and therefore constitute attorney work product. *See Hamel v. General Motors Corp.*, 128 F.R.D. 281, 282 (D.Kan.1989) (defining work product); *see also Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 592 (3d Cir. 1984) (same). The memorandum titled "Market Value of the Trade Secret" was written by Solomon Baron, one of the attorneys in the Colorado law firm representing plaintiff. Plaintiff's counsel has represented that the memorandum, prepared for the firm's case file, contains theories of the case, information regarding certain documents to be collected, and assignment of certain aspects of case preparation. The letter dated August 18, 1992, was also prepared by attorney Solomon Baron, addressed to an accountant, Steve Schuster, who was retained to perform accounting services in connection with this case. According to plaintiff's counsel, that letter includes information on the attorney's theory of the case, the information he would find helpful with regard to the damages aspects of the case, and his opinions on various elements of the case. Work product includes written materials prepared by an adversary's counsel with an eye toward litigation, including memoranda and correspondence. *Bogosian*, 738 F.2d at 592 (quoting *Hickman v. Taylor*, 329 U.S. 495, 511, 67

S.Ct. 385, 393, 91 L.Ed. 451 (1947)). This court has no reason to question counsel's representations as to the contents of the documents.[4] Indeed, the defendants do not contend that the documents in question are not attorney work product. The court therefore finds that the plaintiff has met its burden of establishing that the documents in question are attorney work product.[5]

The defendants' motion to compel rests almost entirely on the argument that such information, even assuming it is subject to protection as attorney work product, is nevertheless discoverable because it was relayed to plaintiff's expert witness and relied upon by him in formulating his opinion testimony.

■ In two similar cases decided in this district under the previous version of Rule 26, both courts concluded that the documents in question were not discoverable, and in doing so rejected the reasoning advanced by the defendants in this case. *See Hamel v. General Motors Corp.*, 128 F.R.D. 281, 282–83 (D.Kan.1989) (Rogers, J.); *Bethany Medical Center v. Harder*, 1987 WL 47845, at *10 (D.Kan. March 12, 1987) (O'Connor, C.J.). In *Bethany Medical Center*, the documents in question were materials provided to the defendant's expert by defense counsel, including a transcript of an interview with another expert conducted by the defendant's counsel, and notes written by defendant's counsel concerning interviews with three individuals who had expertise in the subject matter of the litigation. 1987 WL 47845, at *10. In *Hamel*, the court considered 42 documents defense counsel had transmitted to a defense expert. That the materials in

---

**3.** Subsection (b)(3) was not affected by the rule revisions that took effect on December 1, 1993.

**4.** The plaintiffs have offered to submit the documents upon request of the court for *in camera* review. The court finds it unnecessary to do so. As required by Fed.R.Civ.P. 26(b)(5) (Dec. 1, 1993), the plaintiff has provided sufficient information to the opposing party and to the court to support the court's conclusion that the documents are entitled to protection as attorney work product. *See* 1993 Advisory Committee Notes (new requirement of Rule 26(b)(5) should reduce the need for *in camera* examination of documents).

**5.** Based on the representations of plaintiff's counsel, the documents also appear to reflect the mental impressions, opinions, and legal theories advanced by the attorney. If so, they are entitled to special protection from disclosure under Rule 26(b)(3). *See Upjohn Co. v. United States*, 449 U.S. 383, 400, 101 S.Ct. 677, 688, 66 L.Ed.2d 584 (1981). It is unnecessary in this case to make that determination, however, given the court's conclusion that the defendant has not presented a sufficient showing of substantial need or undue hardship to overcome even the lesser protection afforded by the rule to ordinary attorney work product.

question constituted attorney work product was not in dispute. In both *Hamel* and *Bethany Medical Center*, the ultimate decision of each court turned on whether or not the party moving to compel disclosure had substantial need for the materials in the preparation of its case, and was unable without undue hardship to obtain the substantial equivalent of the materials by other means. *See* Fed.R.Civ.P. 26(b)(3).

In this case, as in *Bethany Medical Center* and *Hamel*, the defendants as the moving parties have not satisfied their burden of establishing "substantial need" as required by Rule 26(b)(3). Further, as in *Hamel*, the defendant has not established that it cannot obtain the substantial equivalent of the information by any other means without undue hardship.[6] Instead, the defendants ask this court to hold that once documents that might otherwise be undiscoverable as the work product of a party are considered by that party's expert in formulating an opinion, any work product privilege attending those documents is lost. *See Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 397 (N.D.Cal. 1991); *Boring v. Keller*, 97 F.R.D. 404, 407–08 (D.Colo.1983).

This view, however, has been explicitly rejected by the Third Circuit in *Bogosian v. Gulf Oil Corp.*, 738 F.2d at 594; and by Judge Rogers of this court in *Hamel*, 128 F.R.D. at 284. In addition, Judge O'Connor followed the principle espoused in *Bogosian* in holding that a party does not waive protection for attorney work product by showing the material to one of its own expert witnesses. *See Bethany Medical Center*, 1987 WL 47845, at *10. One other court addressing the issue has followed *Bogosian*. *See North Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 108 F.R.D. 283, 286 (M.D.N.C.1985). This court is not aware of any decision of the Tenth Circuit Court of Appeals adopting the rule urged upon this court by the defendants. In the absence of such authority from the Tenth Circuit or the United States Supreme Court, this court will follow the weight of authority[7] and the lead of other courts in this district. Consequently, the court holds that the plaintiff did not waive the protection afforded by Rule 26(b)(3) for attorney work product by sharing the documents in question with its expert witness.

Nor have the defendants met their burden under Rule 26(b)(3) to overcome the protection it gives attorney work product. As in *Hamel*, the defendants in this case has demonstrated little more than a speculative need for the documents in question. At most, the defendants contend that the attorney's work product shaped the expert's opinion on the plaintiff's damages in this case. This is not a sufficient showing to overcome the strong

---

6. The defendant asserts a need for the information in order to impeach plaintiff's expert as to the basis for his expert opinion quantifying damages, on the assumption that the opinion was influenced by the content of the two documents in question. In *Hamel*, the court noted that the moving party could inquire into the grounds for the expert's opinion through interrogatories, depositions, and cross-examination at trial. *See also Bogosian*, 738 F.2d at 595, in which the court stated:

> Examination and cross-examination of the expert can be comprehensive and effective on the relevant issue of the basis for an expert's opinion without an inquiry into the lawyer's role in assisting with the formulation of the theory. Even if examination into the lawyer's role is permissible, an issue not before us, the marginal value in the revelation on cross-examination that the expert's views may have originated with an attorney's opinion or theory does not warrant overriding the strong policy against disclosure of documents consisting of core attorney's work product.

*Id.* (footnote omitted). Revised Rule 26 authorizes new means of inquiring into the basis of the expert's opinion, by requiring automatic production of the expert's report under subsection (a)(2) and by explicitly permitting experts to be deposed. While the revised rule broadens the methods available to the opposing party for discovery of the basis for the expert's opinion, it does not require production of the actual *documents* that allegedly transmitted information to the expert. *Cf. id.* (while interrogatories could be used under previous rule to inquire as to basis of expert's opinion, the documents themselves should be protected). The defendants in this case have not demonstrated to the court's satisfaction that the impeachment information they seek is unavailable by other permissible means.

7. *See* Annot., *Protection from Discovery of Attorney's Opinion Work Product Under Rule 26(b)(3), Federal Rules of Civil Procedure*, 84 A.L.R.Fed. 779 §§ 11, 12 (1987) (collecting cases).

policy against disclosure of opinion work product. *See Hamel*, 128 F.R.D. at 284. Nor have the defendants demonstrated they cannot obtain the substantial equivalent of the materials by other means without undue hardship.[8] Consequently, the defendants have failed to meet their burden of establishing that the documents in question are discoverable notwithstanding the court's finding that they constitute work product. *See Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 88–89 (W.D.Okla.1980) (if court finds material protected as work product, burden is on party seeking discovery to make sufficient showing of substantial need and undue hardship).

The defendants' burden under Rule 26(b)(3) cannot be avoided simply because the attorney's work product document in question was transmitted to his client's expert witness and considered in the course of preparing an expert opinion for purposes of testifying at trial.[9] To hold otherwise would substantially diminish the protection Rule 26(b)(3) affords to the disclosure of attorney work product.

■ *2. Reports and Transcripts of Expert's Testimony in Other Litigation.* Plaintiff's expert Robert Purinton has testified as an expert witness in connection with several other matters over the past four years. While deposing him, counsel for the defendants requested copies of the expert reports provided during the course of his other engagements, as well as deposition transcripts and any trial transcripts. In response, Purinton stated his willingness to comply, subject to the approval of the attorney for his accounting firm. He specifically stated that the firm does not routinely provide such transcripts, especially in cases in which the firm has signed confidentiality orders.[10] The requested materials were not produced. The defendants now seek an order of this court to compel the production of Purinton's reports, depositions, and trial transcripts from other proceedings in which he was engaged as an expert witness.

Fed.R.Civ.P. 37(a),[11] upon which the defendant relies, provides that a party may seek an order compelling discovery under certain circumstances. Subsection (2)(B) provides specifically for such an order upon motion, "[i]f a deponent fails to answer a question propounded or submitted under Rules 30 or 31...." In this instance, however, the "question" asked by defense counsel at the deposition was in fact a request to produce documents.

The defendants did not submit a request for production of the documents in question to the plaintiffs as provided by Fed.R.Civ.P. 34.[12] In fact, the defendants do not even assert that the plaintiff has possession of any of the requested materials, which were prepared by Purinton, plaintiff's expert witness, for purposes of other litigation. The defendants are therefore not entitled to an order compelling the plaintiff to produce these documents. *See* Fed.R.Civ.P. 37(a)(2).

With regard to nonparties such as plaintiff's expert witness, a request for documents may be made by subpoena *duces tecum* pursuant to Rule 45. *See* Fed.R.Civ.P. 34(c). The defendants do not refute plaintiff's con-

---

**8.** *See supra* note 6.

**9.** The 1993 Advisory Committee Notes indicate that the obligation to disclose the data and other information considered by the expert in the report means that "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinion—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed." This court interprets the revised rule and comment to mean only that the *data or information*, i.e., the facts, considered by the expert must be disclosed notwithstanding the assertion of work product protection or privilege. It does not compel the production of the *docu-*

*ments* that transmitted the data or information to the expert, which may well, as here, contain protected work product other than data or information.

**10.** *See* Deposition of Robert M. Purinton, May 3, 1993, at 103.

**11.** Rule 37 was also amended effective December 1, 1993. As directed by the Supreme Court in adopting the amended rules, this court will apply the amended rules to pending matters to the extent it is just and practicable to do so.

**12.** Under Rule 34, a request for production of documents may be submitted only to another *party*.

tention that no subpoena *duces tecum* was submitted to plaintiff's expert requesting production of the reports, depositions, and transcripts in question. Assuming they did not do so, Purinton's counsel had no opportunity to formally object to the defendants' request as envisioned by the provisions of Fed.R.Civ.P. 45(c)(2)(B), which permits the recipient of a subpoena to serve a written objection and thereby avoid the subpoena except upon order of the issuing court. The defendants have simply not followed the applicable procedural rules for obtaining these documents from Purinton as a deponent.

■ Although the parties were ordered to comply with the proposed revision to Rule 26 with regard to expert disclosure, the new language of Rule 26(a)(2) requires the expert to include in the report only "a *listing* of any other cases in which the witness has testified as an expert at trial or in deposition within the preceding four years." (Emphasis added.) Purinton's expert report filed on February 1, 1993, includes the required listing, and the inquiries made by the defendants at the expert's deposition reflect that the listing was made available to the defendants. The fact that the proposed rules require the expert to provide a list of other cases in which the expert witness has testified does not mean that the expert must produce copies of his reports and transcripts of his testimony. To the extent that such materials are a matter of public record, the listing may be used by the adversary to obtain its own copies of these materials.

Finally, even if defendants' question posed at Purinton's deposition could be construed as a proper request for discovery, it was untimely. The discovery deadlines in this case were extended several times, but the last extension granted by the court imposed a discovery deadline of April 16, 1993, on the defendants. *See* Amended Scheduling Order, December 28, 1992. This order was modified only by later stipulation of the parties (Doc. 85) to permit certain expert witnesses to be deposed, including Purinton. That stipulation did not provide for any other form of discovery after the court-imposed deadline of April 16, 1993.

The defendants have not followed the proper rules of discovery necessary to obtain an order from this court compelling either the plaintiff or Purinton, the plaintiff's expert witness, to produce the materials in question.

■ 3. *Plaintiff's Motion for Protective Order.* In a one-line request added to the foot of its response, the plaintiff asks this court to issue a protective order with regard to the materials sought by the defendant. Fed.R.Civ.P. 26(c) authorizes the court to issue a protective order upon motion by a party or by the person from whom discovery is sought, for good cause shown. The plaintiff has not persuaded the court that good cause exists in this case to warrant the issuance of a protective order, particularly given the court's disposition of the defendants' motion to compel. The motion for a protective order will therefore be denied.

■ 4. *Expenses of Motion.* When the court denies a motion to compel discovery, Rule 37(a)(4) provides that the court shall, after opportunity for hearing, order the moving party to pay the opposing party the reasonable expenses incurred in opposing the motion, unless the court finds that the circumstances make such an award unjust. Because of the application to this case of the revised rules which substantially liberalize discovery concerning the basis of a testifying expert's opinion, the court finds that under the circumstances presented, an award of expenses against the defendant would be unjust.

IT IS BY THE COURT THEREFORE ORDERED that the defendants' motion to compel (Doc. 96) is hereby denied, with each party to pay its own expenses.

IT IS FURTHER ORDERED that the plaintiff's motion for a protective order (Doc. 100) is hereby denied.