[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO COMPEL (#168)
CT Page 8855
The defendant, R. James Graydon, M.D., through a Motion to Compel seeks disclosure of a letter dated September 19, 1996, written by plaintiffs' counsel to one of his experts. The plaintiffs have objected to this document request on the ground that this letter contains the mental impressions and opinions of plaintiffs' counsel.
At the deposition of the expert to whom the September 19, 1996 letter had been sent, the expert when asked about that letter testified that he did form additional opinions about the case after he had reviewed the deposition of Dr. Graydon which had been enclosed with the letter. The expert recalled that the September 19, 1996 letter had directed his attention to the Graydon deposition. He could not, however, recall any specifics about the comments of plaintiffs' counsel in that letter and testified that he did not rely on any such comments in reaching his opinion.
Both parties have referenced in their briefs the case ofMurchie v. Hurwitz, J.D. Stamford/Norwalk, CV 88-95623 (April 7, 1992) (Rush, J.). That case involved a motion to compel disclosure of a document prepared by an investigator for the defendant and containing in part comments of the investigator concerning his opinions and conclusions with respect to the witness. In that decision the Rush Court cited the case of Boringv. Keller, 97 F.R.D. 404 (1983) in which at issue was the right to disclosure of the mental impressions or opinions of a lawyer.
The Boring Court opined that counsel's opinion work product was given the highest protection under our Rules of Practice, and did not even appear discoverable except for one situation in which there was not that protection. That situation was identified as one where an expert witness utilizes counsel's opinion work product in order to formulate his or her opinion.
In the instant case the deposition testimony of the expert is that he did not rely on any comments of plaintiffs' counsel contained in the September 19, 1996 letter in reaching his opinion.
This court is satisfied that there is nothing in this case which would afford a basis for making the defendant privy to the contents of the September 19, 1996 letter. Accordingly, the CT Page 8856 objection to the Motion to Compel is sustained.
Mary R. Hennessey, Judge