[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO COMPEL
In this medical malpractice action, the defendant Yale New Haven Hospital has moved for an order compelling the production of certain documents. The plaintiff has resisted disclosure claiming the documents are ordinary work product and that the defendant has failed to demonstrate both a substantial need for the documents and an inability to obtain the substantial equivalent of the information contained in the documents without undue hardship. Practice Books § 13-3. The defendant maintains that the plaintiff has waived the protection of the work product doctrine by providing the documents to her testifying expert prior to his deposition.
The documents at issue are a chronology ["chronology"] of the medical treatment received by the minor plaintiff, including dates of service, health care provider, diagnosis or treatment CT Page 8845 provided on that occasion and bates-stamped reference to the medical record, and summaries ["summaries"] of two depositions ["Sanchez deposition" and "O'Shea deposition"]. Plaintiff's counsel provided these documents to the plaintiff's expert witness, Dr. Martin Smilkstein, on April 15, 1999. When the defendant deposed Smilkstein in Portland, Oregon on April 21, 1999, Smilkstein testified that he had returned the documents to the office of plaintiff's counsel that morning. He also testified that the documents did not contain information that was not contained in the medical records and deposition testimony he had reviewed. Finally, Smilkstein testified that he did not rely upon the chronology in any substantive fashion in forming his opinions and had reached his opinions before receiving the chronology.
Plaintiff's counsel has submitted an affidavit in which he represents that he first provided medical records to Smilkstein for his review in August 1995 and continued to provide records and depositions transcripts as they were obtained, including the Sanchez deposition and the O'Shea deposition. The plaintiff disclosed Smilkstein as a testifying expert pursuant to Practice Book § 13-4(4) (former § 220(d)) on August 29, 1997.
The attorney work product doctrine in Connecticut is set forth in Practice Book § 13-3.[1] The language of the rule is identical to Rule 26(b)(3) of the Federal Rules of Civil Procedure. A party claiming the protection of the work product doctrine must demonstrate that the document or tangible item sought is work product. See In re Savitt/Adler Litigation,176 F.R.D. 44, 48 (N.D.N.Y. 1997). Work product is defined by § 13-3, in part, as "documents . . . prepared in anticipation of litigation or for trial" and encompasses material prepared "by or for" an attorney. Practice Book § 13-3(a); see United States v.Noble, 422 U.S. 225. 238-39 (1975) (Work product doctrine protects material prepared by an attorney's agent.) "Typically, the attorney work product doctrine encompasses work that is essentially the result of an attorney's activities when those activities have been conducted with a view toward litigation.Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86,95, 230 A.2d 9 (1967); see Hickman v. Taylor . . . 329 U.S. [495], 511 [(1947)]." Metropolitan Life Ins. Co. v. AetnaCasualty Surety Co., 249 Conn. 36, 51-52, n. 17, ___ A.2d ___ (1999).
Once a party has demonstrated that the material sought is work product, then the party seeking discovery has to make the CT Page 8846 requisite showing of both substantial need and undue hardship to obtain disclosure. 6 Moore's Federal Practice § 26.70[5][b] (Matthew Bender 3d ed. 1997). Opinion work product is given substantially greater protection than ordinary work product. Although opinion work product has been held to be absolutely protected from pre-trial discovery, see Cokely v. Lehn Fine, Superior Court, judicial district of New Haven, Docket No. 249862 (D. Dorsey, J., Aug. 10, 1987) (2 CSCR 929). most courts allow some discovery if the movant meets a heightened standard, far greater than substantial need and undue hardship, to obtain disclosure. Moore's Federal Practice, supra, § 26.70[5][c]; seeUpjohn Co. v. United States, 449 U.S. 383, 401-02 (1981).
The plaintiff has met her initial burden of establishing that the requested documents fall within the scope of the work product doctrine. According to the affidavit of plaintiff's counsel, "the chronology was prepared by a nurse consultant employed by our office, for use by the attorneys working on the case . . . in anticipation of the trial . . . and at my specific direction and under my direct supervision." The summaries were likewise "prepared by plaintiffs attorneys in anticipation of the trial of the above matter and at my specific direction and under my direct supervision."[2]
Although the defendant states that "these documents may at one time have been protected by the attorney work product doctrine," see Defendant's Motion to Compel and Integrated Memorandum, p. 1, it argues that the plaintiff waived the doctrine's protection by providing the documents to her testifying expert. The defendant concedes there are no Connecticut cases on this point and it relies on a number of federal cases in support of its theory of waiver, none of which the court finds persuasive. Both B.C.F. Oil Refining, Inc. v.Consolidated Edison Co., 171 F.R.D. 57, 63 (S.D.N.Y. 1997) andKarn v. Rand, 168 F.R.D. 633 (N.D. Ind. 1996), were decided after 1993 amendments to F.R.Civ.P. 26,[3] requiring disclosure of information "considered" by an expert, which were "designed to mandate full disclosure of those materials reviewed by an expert." Id. at 637. Practice Book § 13-4, governing expert witnesses, contains no such language.
In Intermedics, Inc. v. Ventritex, Inc., 139 F.R.D. 384, 391
(N.D. Cal. 1991), cited in defendant's memorandum, the magistrate judge specifically rejected the waiver theory and announced a prospective rule governing disclosure of information communicated CT Page 8847 to experts by attorneys, placing counsel on notice that in the future the work product doctrine would not shield such information. In Berkey Photo, Inc. v. Eastman Kodak Co.,74 F.R.D. 613, (S.D.N.Y. 1977), which the defendant cited in oral argument, the court was asked to review a magistrate's order, premised on F.R.Evid. 612, requiring production of certain notebooks prepared by counsel and turned over to Kodak's experts. The court cautioned against confusing the protections of the work product doctrine with the attorney client privilege and ruling mechanically that any disclosure to third parties vitiates work product protection. Id., 616. Nonetheless, the court also recognized that the protection provided by the work product doctrine is not absolute. Although the court was willing to recognize that the deliberate use of work product "to influence and shape testimony" might amount to waiver of the protections of the work product doctrine, it was as reluctant as the Intermedics
court, as a matter of fairness, to apply such a rule retroactively. Id., 616-17. The court overruled the magistrate's order because there was "no indication at all of a calculated plan to exploit the work product in a significant way for preparing the experts while planning to erect the shield of privilege against discovery." Id., 617. Such use of the work product doctrine as both a sword and a shield was the compelling basis for the district court's finding of waiver in Boring v.Keller, 97 F.R.D. 404 (D. Colo. 1983), another case upon which the defendant indirectly relies.
The waiver theory has been criticized, in part because it blurs the distinction between a witness's review of work product and a witness' testimonial use of work product. See 4 J. Weinstein M. Berger, Weinstein's Federal Evidence, § 612.05[3][c]; Derderian v. Polaroid Corp., 121 F.R.D. 13 (D. Mass. 1988). Moreover, the waiver theory can be both inefficient and unfair because it undermines the purpose of the work product doctrine "to protect information against opposing parties . . . in order to encourage effective trial preparation." United States v.American Telephone and Telegraph Co., 642 F.2d 1285, 1299 (D.C. Cir. 1980). "The work product privilege rests on the belief that such promotion of adversary preparation ultimately furthers the truth-finding process." Id., 1300. Thus, the work product doctrine both "establish[es] a zone of privacy for strategic litigation planning and . . . prevent[s] one party from piggybacking on the adversary's preparation." United States v.Adlman, 68 F.3d 1495, 1501 (2d Cir. 1995). CT Page 8848
A number of courts have concluded that sharing work product information with testifying experts does not amount to waiver of the protections that the work product doctrine may provide. The premise of these decisions is not that the work product doctrine absolutely shelters the information transmitted to the expert. Rather, these decisions recognize that the act of sharing work product information with experts does not allow the opposing party to avoid meeting its burden of establishing substantial need and undue hardship in the case of ordinary work product, see, e.g., All West Pet Supply v. Hill's Pet Products,152 F.R.D. 634, 638 (D. Kan. 1993); Hamel v. General Motors Corp.,128 F.R.D. 281, 284 (D. Kan. 1989), and something greater in the case of opinion work product. See Bogosian v. Gulf Oil Corp.,738 F.2d 587, 593-95 (3rd Cir. 1984); Haworth, Inc. v. Herman Miller,Inc., 162 F.R.D. 289, 294 (W.D. Mich. 1995). If the moving party can establish the requisite conditions, no harm is done to the underlying rationale of the work product doctrine because disclosure under those circumstances promotes fairness in the adversarial process and prevents one side from having an undue advantage.
In this case, the plaintiff maintains that the chronology and summaries are ordinary work product. The defendant must therefore establish that it has "a substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Practice Book § 13-3(a). "Substantial need" is established if the information contained in the documents is essential to the movant, for example by containing the essential elements of a prima facie case, Moore's Federal Practice, supra, § 26.70[5][c], or by containing facts that demonstrate the opposing party's knowledge. There is no substantial need when the documents contain material that is merely helpful but not essential, see Republic Gear Co. v. Borg-Warner Corp.,381 F.2d 551, 558 (2d Cir. 1967), or there are alternative means available to the movant to obtain the substantial equivalent of the information. See, e.g., Horn Hardart Co. Pillsbury Co.,888 F.2d 8, 12 (2d Cir. 1989) (depositions provide satisfactory alternative to work product); Donohoe v. American Isuzu Motors,Inc., 157 F.R.D. 238, 246 (M.D. Pa. 1994) (party can conduct own tests).
Here, the defendant asserts that it has a substantial need for the chronology and the summaries in order to cross-examine Smilkstein to determine the extent to which the information CT Page 8849 contained in these documents may have influenced his opinion. Generally, a claim that work product can be used for impeachment does not establish substantial need. Spruill v. Winner Ford ofDover, Ltd., 175 F.R.D. 194 (D. Del. 1997) (possibility of impeachment does not satisfy substantial need and undue hardship requirements).
The circumstances here differ from Scovish v. The Upjohn Co., Superior Court, judicial district of New London, Docket No. 526520 (Hurley, J., Nov. 22, 1995), where the court found substantial need to compel disclosure of the defendant's database referencing and indexing pertinent documents and studies, with opinion work product redacted, because the plaintiff did not have those documents and would have been required to search a warehouse containing an "astronomical number of documents" to obtain the substantial equivalent.
The defendant maintains, however, that the underlying medical records and deposition transcripts are not the substantial equivalent of the chronology and the summaries because those documents may have highlighted or omitted certain facts that may have shaped Smilkstein's opinion. However, if the information sought is not the facts contained in the documents but the choice to highlight or omit certain facts, then it appears the defendant does not seek ordinary work product but rather opinion work product. Counsel's ordering of facts is often deemed opinion work product, Sporck v. Peil, 759 F.2d 312, 316 (3rd Cir. 1985); JamesJulian, Inc. v. Raytheon Co., 93 F.R.D. 138, 144 (D. Del. 1982), and counsel's affidavit supports that conclusion in this case[4]. Defendant's assumption that Smilkstein's opinion was influenced by the content of the requested documents is insufficient to establish substantial need. See Bogosian, supra, 738 F.2d 595; All West Pet Supply, supra, 152 F.R.D. 638, n. 6;Hamel v. General Motors, supra, 128 F.R.D. 284.
Additionally, defendant has been unable to demonstrate that it will suffer an undue hardship if these documents are not disclosed to it. Courts have found undue hardship when a witness is unable to recall information contained in work product or is no longer available, or if the cost to obtain the equivalent information is unusually high. See In re International Systems Control Corp., 693 F.2d 1235, 1240-41 (5th Cir. 1982); Moore'sFederal Practice, supra, § 26.70[5][d]. Here, the defendant has all the underlying documents and records that Smilkstein testified he relied upon to form his opinions and it is fully CT Page 8850 able to conduct an extensive cross-examination based on those original materials rather than on plaintiffs work product. SeeBogosian, supra, 738 F.2d 595; Berkey Photo, supra,74 F.R.D. 616. "The risk of an attorney influencing an expert witness does not go unchecked in the adversarial system, for the reasonableness of an expert opinion can be judged against the knowledge of the expert's field and is always subject to the scrutiny of other experts." Haworth, supra, 162 F.R.D. 295-96.
In sum: The plaintiff has established that the chronology and summaries are work product. The court has concluded that simply because the plaintiff provided the chronology and summaries to the testifying expert before his deposition she did not waive the protections of the work product doctrine. The defendant has failed to demonstrate a substantial need for the chronology and summaries or that the failure to compel their disclosure will cause it undue hardship. Accordingly, the motion to compel dated June 2, 1999 is denied.
Linda K. Lager, Judge