**NORTH CAROLINA ELECTRIC MEM-BERSHIP CORPORATION, et al., Plaintiffs,**

v.

**CAROLINA POWER & LIGHT COMPANY, Defendant.**

No. C–77–396–G.

United States District Court, M.D. North Carolina, Greensboro Division.

June 7, 1985.

**284**

See also 85 F.R.D. 249.

Thomas J. Bolch, Raleigh, N.C., Edward L. Murrelle and Lindsay R. Davis, Jr., Greensboro, N.C., Wallace E. Brand and Sean T. Beeny, Washington, D.C., for plaintiffs.

Richmond G. Bernhardt, Jr. and Peter J. Covington, Greensboro, N.C., Linda Markus Daniels, Research Triangle Park, N.C., H. Ray Starling, Richard E. Jones, and Charles D. Barham, Jr., Raleigh, N.C., Ray S. Bolze and Kenneth E. Krosin, Toni K. Allen and William Warfield Ross, Washington, D.C., for defendant.

## MEMORANDUM ORDER

PAUL TREVOR SHARP, United States Magistrate.

This matter is before the Court on defendant's request for an order permitting discovery of Professor Harold H. Wein, plaintiffs' first-named expert, by means of deposition and production of documents. (Pleading 396.) The motion raises at least two important issues: (1) the timing of the Wein deposition; and (2) the proper scope of the document production to be made by plaintiffs (under Rule 34) and by Southern Engineering Co. (by supoena duces tecum). Plaintiffs have responded in opposition to the motion, and the Court heard the oral argument of counsel at the United States Courthouse in Greensboro on May 10, 1985. At the conclusion of the hearing, the Court denied defendant's request that Professor Wein be deposed on June 3. The Court ruled that the Wein deposition could be scheduled by defendant only at a later time in September in accordance with the July 20, 1984 Order which controls discovery in this action. The Court announced that the second issue, along with a number of other disputes discussed at the hearing, would be resolved by this written order.

After consideration of the full record in this case, the Court resolves the several disputes before it in accordance with the following directives.

### A. The Timing of the Wein Deposition.

Professor Wein shall be deposed on a date between September 1 and September 13, 1985, as arranged by the parties.

### B. Documents to be Produced in Connection With the Wein Deposition

Defendant has pursued two separate discovery strategies in seeking to obtain production of documents prepared or examined by Professor Wein while serving as an expert witness for plaintiffs. Defendant has (1) filed a request for production of documents on plaintiffs under Rule 34, Fed.R.Civ.P., and (2) served a subpoena duces tecum on Southern Engineering Co.

in connection with the taking of the deposition of that company.[1] The requests raise two issues. First, plaintiffs and Southern Engineering object because the requests ask for production of some "pre-1965 documents," whereas discovery in this action has been limited by the Court's Order of October 18, 1979, to events in 1965 and thereafter. Second, plaintiffs and Southern Engineering object upon the ground of work product protection, contending that defendant is improperly requesting documents which contain the mental impressions, opinions, and theories of plaintiffs' attorneys.

Looking first to the matter of pre-1965 documents, the Court concludes that defendant is at this time entitled to make some discovery of pre-1965 documents since the description of plaintiffs' alleged damages contained in Professor Wein's summary report of March 20, 1985, specifically relates to time periods in the 1950's. The production of pre-1965 documents will be limited to documents described in Paragraph 1 of the Stipulation of May 21, 1985. The production under Rule 34 by plaintiffs, and the furnishing of documents by Southern Engineering in accordance with the subpoena duces tecum, shall be made not later than July 15, 1985.[2]

Plaintiffs have requested a *quid pro quo*, contending that they should be allowed some pre-1965 discovery if defendant is allowed such, even on a limited basis. However, discovery in this case was long ago limited to events of 1965 and thereafter. The minor intrusion into pre-1965 documents allowed by this order results solely from the use of plaintiffs' expert of information dealing with the 1950's in calculating plaintiffs' alleged damages. Defendant must be afforded a fair discovery opportunity with respect to this expert testimony. The Court is satisfied that the discovery opportunity afforded above will provide defendant with that opportunity without abandoning a discovery plan that has controlled this case for several years.

The second issue with respect to document production arises from defendant's request for all documents prepared or examined by Professor Wein in formulating his expert opinion testimony. The question for determination is whether such a request may properly include a demand for opinion work product documents prepared by counsel for plaintiffs. The particular objection of plaintiffs' counsel is that defendant requests production of documents given to Professor Wein which contain the mental impressions, opinions, and theories of plaintiffs' counsel concerning this litigation.

█ On the general matter of discovery with respect to experts who will be called at trial, it may be useful to note that this Court is committed to permitting thorough discovery of such experts. Expert testimony is often critical to the outcome of litigation and effective cross-examination may be impossible in the absence of adequate discovery through the use of depositions and requests for production of "background documents." *See generally*, 8 Wright & Miller, *Federal Practice and Procedure*, § 2031.

█ Nonetheless, the Court approaches cautiously the contention that a party may obtain legal opinions and impressions conveyed in writing by counsel for an adverse party to its retained expert witness. Defendant contends that a trend can be identified in the caselaw which provides for discovery of opinion work product documents prepared by counsel when they are supplied to an expert. Defendant argues that

1. On May 6, Professor Wein filed objections to production of documents sought in a subpoena duces tecum supposedly directed to him. However, the court file appears to contain only a subpoena for the appearance of Professor Wein at his deposition, not a subpoena duces tecum. (Pleading 397.) If a subpoena duces tecum has been issued, or should be issued in the future, the production to be made by Professor Wein should be in accordance with the directives set forth in this order.

2. If defendant wishes to convene a formal deposition in connection with the Southern Engineering production, it may do so at any time up to and including July 15, 1985.

such discovery is necessary because of the great need to effectively cross-examine experts and because of Rule 612, Fed.R.Evid., which provides for production at trial of documents used by an expert to refresh his memory (and, presumably, to form the basis of his opinion). Defendant relies on recent decisions of district courts in other circuits in contending that an attorney's opinion work product, in documentary form, may be discovered when it is given to an expert witness. *See, Carter-Wallace, Inc. v. Hartz Mountain Industries,* 553 F.Supp. 45 (S.D.N.Y.1982); *Boring v. Keller,* 97 F.R.D. 404 (D.Col.1983); and *James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138 (D.Del.1982).

The Court is satisfied, however, that *Duplan Corp. v. Moulinage, et Retorderie de Chavanoz,* 509 F.2d 730 (4th Cir.1974), *cert. denied,* 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1974), is controlling upon the issue now before the Court and provides the rule in this Circuit that an attorney's opinion work product is absolutely privileged under Rule 26(b)(3), Fed.R.Civ.P. Even though this Court may permit "further discovery" concerning experts under Rule 26(b)(4), the second sentence in Rule 26(b)(3) limits such further discovery. That sentence reads, "[i]n ordering discovery of such materials when the required showing has been made, the Court *shall* protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." [Emphasis supplied.] Although *Duplan* did not involve opinion work product materials given to an expert witness, its reasoning and reading of Rule 26(b)(3) compel a conclusion that, in this Circuit, opinion work product is absolutely immune from discovery even if shared with an expert witness. The Third Circuit Court of Appeals reached precisely this conclusion in *Bogosian v. Gulf Oil Corp.,* 738 F.2d 587 (3rd Cir.1984), a case which the Court finds to be persuasive. Moreover, even if it were within the discretion of the Court to find that some showing of need by defendant could entitle it to receive opinion work

product documents, the Court would not order such discovery under the circumstances of this case. It is apparent to the Court that defendant will, from its extensive discovery requests concerning the information which forms the basis of the opinions of plaintiffs' expert, receive adequate information in order to understand the expert testimony and effectively cross-examine the expert.

Accordingly, it is directed that plaintiffs shall, by July 15, 1985, furnish to defendant the documents requested in defendant's Rule 34 requests (as limited by this order), except that plaintiffs may excise opinion work product appearing in such documents. In order that the Court may properly supervise this process, counsel for plaintiffs shall, by July 1, submit to the Court documents to be redacted, with proposed redactions indicated. The Court will review the documents and approve or disapprove of the redactions.

With the above directives in place, and in view of the Stipulation of May 21, 1985, the Court considers that issues relating to defendant's Rule 34 request and defendant's subpoena duces tecum issued to the Southern Engineering Co. have been resolved. Both productions shall be accomplished not later than July 15, 1985.

### C. Defendant's Designation of a Damage Expert.

In accordance with the July 20, 1984 Order, defendant shall identify one expert on damages by July 20, 1985. However, in view of the Court's opinion that the March 20, 1985 report of Professor Wein is less detailed than anticipated, defendant need not provide a narrative summary of testimony with respect to the designated expert.

### D. The "Working Papers" of Defendant's Damage Experts.

Not later than thirty (30) days following the taking of the deposition of Professor Wein, defendant shall produce a narrative summary opinion for each damage expert it has designated. Defendant shall at the same time produce the "working papers,"

by whomever prepared, which the expert or experts have reviewed. The production of working papers shall be in accordance with the guidelines established by this order.

### E. The Southern Engineering Co. Deponents.

During the general discovery period, defendant may depose Southern Engineering Co. employees. As to "fact witnesses" who are designated by plaintiffs' counsel to also be expert witnesses, defendant may depose such persons both as fact and expert witnesses. Employees who are designated by plaintiffs' counsel as only expert witnesses may not be deposed as experts during the general discovery period, but may, of course, be deposed during the period for discovery of experts.

IT IS ORDERED ACCORDINGLY.