A93A0644, A93A0645. McKINNON et al. v. SMOCK;
and vice versa.
(434 SE2d 92)

POPE, Chief Judge.

In this medical malpractice case, we granted defendants' application for interlocutory appeal from the trial court's order resolving certain discovery disputes. Plaintiff filed a cross-appeal from that order.

*Case No. A93A0644*

1. Defendants Frank W. McKinnon, M.D., and Marietta Orthopedic Associates, P.A., argue the trial court erred by ordering the continuation of Dr. McKinnon's deposition. The trial court ordered Dr. McKinnon to respond to plaintiff's questions concerning what medical records of plaintiff Dr. McKinnon reviewed in preparation for his deposition and when Dr. McKinnon first saw the operative report prepared by Dr. Hammesfahr. Dr. McKinnon's counsel objected to both questions on the grounds that the questions invaded the attorney/client privilege and directed Dr. McKinnon not to answer the questions. We hold that the trial court properly concluded that these questions do not call for privileged information. Accordingly, we find the defendants' contention that the trial court erred by continuing the deposition of Dr. McKinnon to be without merit.

2. Defendants contend the trial court erred by failing to require plaintiff to produce correspondence that was prepared in anticipation of litigation, but was disclosed to plaintiff's testifying expert and may have influenced the expert's opinion. Essentially defendants argue that when an attorney makes available to an expert a document that would otherwise be subject to work product protection pursuant to OCGA § 9-11-26 (b) (3) that document is discoverable pursuant to OCGA § 9-11-26 (b) (4) authorizing discovery relating to expert witnesses.

This enumeration of error presents a question that has not yet been addressed by a Georgia appellate court, but which has been addressed by several federal courts.[1] We are persuaded by the rationale followed by the majority of courts which have addressed this ques-

---

[1] The pertinent portions of OCGA § 9-11-26 (b) (3) and (b) (4) are the same as FRCP 26 (b) (3) and (b) (4).

tion. See, e.g., *Bogosian v. Gulf Oil Corp.*, 738 F2d 587 (3rd Cir. 1984); *United States v. 215.7 Acres of Land*, 719 FSupp. 273 (D. Del. 1989); *Hamel v. Gen. Motors Corp.*, 128 FRD 281 (D. Kan. 1989); *Hydramar, Inc. v. Gen. Dynamics Corp.*, 119 FRD 367 (E.D. Pa. 1988); *North Carolina Elec. Membership Corp. v. Carolina Power &c. Co.*, 108 FRD 283 (M.D.N.C. 1985). We hold that when a document is prepared in anticipation of litigation by a party's counsel and then disclosed to that party's testifying expert the disclosure does not waive the work product protection that should be accorded the document and the document may only be discovered "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." OCGA § 9-11-26 (b) (3).

We agree with the Third Circuit Court of Appeals that "the marginal value in the revelation on cross-examination that the expert's view may have originated with an attorney's opinion or theory does not warrant overriding the strong policy against disclosure of documents consisting of core attorney's work product." *Bogosian*, 738 F2d at 595. We also adopt the procedure set forth in *Bogosian* to protect attorney work product when the document sought contains both facts and legal theories. When the parties are unable to resolve a conflict concerning what portions of such a document should be made available to an adverse party, the parties shall submit the disputed document to the trial court along with their argument concerning which portions should be made available to the adverse party. The trial court shall then conduct an in camera inspection of the document and instruct the attorney claiming work product protection how the document should be altered for disclosure to the adverse party. This case is remanded to the trial court for proceedings consistent with this procedure.

### Case No. A93A0645

3. Plaintiff argues the trial court erred by requiring him to produce copies of his income tax returns for the years 1985 through 1990. Income tax returns are not " 'automatically discoverable upon a de minimis showing of relevancy.' " *E. H. Siler Realty &c. v. Sanderlin*, 158 Ga. App. 796, 797 (282 SE2d 381) (1981) (quoting *Borenstein v. Blumenfeld*, 151 Ga. App. 420, 421 (260 SE2d 377) (1979)). However, in this case we hold the trial court did not abuse its discretion by allowing discovery of the requested income tax returns because a sufficient showing of relevancy was made. Plaintiff seeks lost wages as an element of his damages. Plaintiff's injury occurred in 1989. Plaintiff's income tax records from 1985 through 1990 offer evidence of what

plaintiff's income was for a few years before his injury, whether it fluctuated during that period and whether his income changed after his injury.

4. Plaintiff also complains that the trial court erred by allowing the defendants to amend their responses to plaintiff's first request for admissions numbers 1 and 9. After careful review of the record we hold the trial court did not abuse its discretion by allowing those admissions to be amended. The trial court's order contemplates that plaintiff will be allowed to depose Dr. McKinnon further to cross-examine him about the subject matter of those admissions. Regardless of the agreement or contentions of the parties concerning when discovery properly ended in this case, upon remand the plaintiff shall be allowed a reasonable amount of time to depose Dr. McKinnon regarding the amended admissions.

*Judgment affirmed and case remanded with direction in Case No. A93A0644. Judgment affirmed in Case No. A93A0645. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 1, 1993 —
RECONSIDERATION DENIED JULY 21, 1993 —

*Alston & Bird, Robert D. McCallum, Jr., James C. Grant,* for appellants.
*Alan Z. Eisenstein,* for appellee.