S93G1738. McKINNON et al. v. SMOCK.
(445 SE2d 526)

BENHAM, Presiding Justice.

We granted the writ of certiorari in this interlocutory appeal to resolve discovery issues concerning the attorney-client privilege and the opinion work product doctrine.[1] *McKinnon v. Smock*, 209 Ga. App. 647 (434 SE2d 92) (1993). We agree that the attorney-client privilege does not cover the identity of documents that a party reviews to prepare for a deposition, and that the opinion work product doctrine prevents disclosure of correspondence between an attorney and an expert witness to the extent the correspondence contains opinion work product.

Smock filed a medical malpractice action alleging that McKinnon improperly performed surgery on his knee. Smock moved to compel McKinnon to answer questions concerning medical records McKinnon reviewed in preparing for his deposition. The trial court ordered McKinnon to answer the questions, holding that the attorney-client privilege did not apply. McKinnon filed a motion to compel production of "all correspondence, common notes or other writing directed" to the medical expert Smock intended to call at trial. The trial court denied the motion to compel, holding that the correspondence from Smock's attorney to the expert was opinion work product and protected from discovery under OCGA § 9-11-26 (b) (3). The Court of

---

[1] The question presented for review is:
Whether the attorney-client privilege protects from discovery the identity of documents discussed between the attorney and client and whether the work product doctrine protects from discovery documents prepared by an attorney and submitted to an expert witness for use in trial preparation.

Appeals granted McKinnon's application for interlocutory review and affirmed both of the trial court's rulings.

1. The Georgia Civil Practice Act provides for "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." OCGA § 9-11-26 (b) (1). Georgia has a statutorily-recognized public policy to exclude from evidence communications between attorney and client. OCGA §§ 24-9-21 (2); 24-9-24; *Williams v. State*, 258 Ga. 281 (5) (368 SE2d 742) (1988). Because the disputed questions in this case do not ask for communication between McKinnon and his attorney, the attorney-client privilege does not apply. Therefore, McKinnon must answer the questions regarding the medical records he reviewed in preparing for his deposition, and when he first saw another doctor's report.

2. Determining whether correspondence from an attorney to an expert is protected from disclosure requires an evaluation of the interplay between OCGA § 9-11-26 (b) (3), which protects opinion work product,[2] and OCGA § 9-11-26 (b) (4), which permits discovery of the facts known and opinions held by an expert.

Subject to OCGA § 9-11-26 (b) (4), § 9-11-26 (b) (3) permits the discovery of "documents and tangible things" prepared in anticipation of litigation or for trial "only in carefully limited circumstances." *Ga. Intl. Life Ins. Co. v. Boney*, 139 Ga. App. 575 (3) (228 SE2d 731) (1976). If the party seeking the trial preparation material has affirmatively shown to the satisfaction of the trial court a substantial need for the evidence and that undue hardship will result should the seeking party be required to develop the evidence by other means, the trial court may order the production of the material following an in camera examination to ensure against disclosure of "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." OCGA § 9-11-26 (b) (3); *Tobacco Road v. Callaghan*, 174 Ga. App. 539, 540 (330 SE2d 768) (1985); *Ga. Intl. Life Ins. Co. v. Boney*, supra.

OCGA § 9-11-26 (b) (4) outlines the exclusive means by which a party may seek discovery of the facts known and opinions held by an expert acquired or developed in anticipation of litigation or for trial. Through interrogatories, a party may require another to identify expert witnesses expected to be called at trial, to state the subject matter as well as the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. OCGA § 9-11-26 (b) (4) (A) (i). A party may also depose another party's expert

---

[2] "Opinion work product" has been described as including such items as an attorney's legal strategy, intended lines of proof, evaluation of the case's strengths and weaknesses, and the inference drawn from interviews of witnesses. *Sporck v. Peil*, 759 F2d 312, 316 (3rd Cir. 1985).

by oral examination or by written questions, and may serve a request to produce documents and "tangible things" that contain matters within the scope of § 9-11-26 (b). OCGA § 9-11-26 (b) (4) (A) (ii). Section 9-11-26 (b) (4) provides a party with the means to prepare adequately for cross-examination of the experts called to testify by the opposition. *Candler Gen. Hosp. v. Joiner*, 180 Ga. App. 455, 457 (349 SE2d 756) (1986).

Section 9-11-26 (b) (3) and (b) (4) appear in conflict when, as here, a party seeks material which originated with the attorney representing the opposition and which may contain facts relied on by the expert. The statutory tension came into being in the case at bar when, pursuant to § 9-11-26 (b) (4) (A) (ii), defense counsel requested plaintiff to produce

> All correspondence to each expert witness . . . which describes or refers in any way to the facts of the case, the materials provided for his or her review, the review or analysis he or she was requested to perform, or the fee to be paid.

Plaintiff's counsel refused on the ground that the request for production sought opinion work product protected from disclosure. We agree with plaintiff's counsel.

> Historically, a lawyer is an officer of the court and is bound to work for the advancement of justice while faithfully protecting the rightful interests of his clients. In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . . This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways. . . .

*Hickman v. Taylor*, 329 U. S. 495, 510-511 (67 SC 385, 91 LE 451) (1947). *Atlantic C. L. R. Co. v. Daugherty*, 111 Ga. App. 144 (2) (141 SE2d 112) (1965). The protection afforded opinion work product

> creat[es] an environment in which counsel [is] free to think dispassionately, reliably, and creatively both about the law and the evidence in the case and about which strategic approaches to the litigation are likely to be in [his] client's best interests.

*Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 392 (N.D. Cal. 1991). The protection shields an attorney's preparation from disclosure because there is a "higher value" to be served in protecting the thought processes of counsel. *Occulto v. Adamar of New Jersey*, 125 F.R.D. 611 (D. N.J: 1989).

With these principles in mind, we conclude that (b) (3) is "subject to" (b) (4) only to the extent of the first sentence of (b) (3). That is, one seeking discovery of the facts known and opinions held by an expert acquired or developed in anticipation of litigation or for trial may do so without exhibiting a substantial need for the material and establishing the undue hardship that will result should the seeker have to employ other means to develop the evidence. However, discovery seeking the facts known and opinions held by the expert is subject to (b) (3)'s provision against the disclosure of "the mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation." See *Bogosian v. Gulf Oil Corp.*, 738 F2d 587 (3rd Cir. 1984). See also *All West Pet Supply Co. v. Hill's Pet Products Div.*, 152 F.R.D. 634 (D. Kan. 1993); *North Carolina EMC v. Carolina Power &c. Co.*, 108 F.R.D. 283 (M.D. N.C. 1985). Thus, correspondence from an attorney to an expert is protected from disclosure to the extent that the correspondence contains the opinion work product of the attorney. Should a dispute arise over whether a particular document does contain protected work product material, the trial court must conduct an in camera review to ensure that mental impressions, conclusions, opinions, or legal theories of a party's attorney or representative are not disclosed. *Tobacco Road v. Callaghan*, supra; *Ga. Intl. Life Ins. Co. v. Boney*, supra.

*Judgment affirmed. All the Justices concur, except Hunt, C. J., and Fletcher, J., who dissent.*

FLETCHER, Justice, dissenting.

The majority opinion ignores the purpose of the Georgia Civil Practice Act, which is to permit the parties equal access to relevant materials to aid in the "just, speedy, and inexpensive" resolution of legal disputes, see OCGA § 9-11-1, and relies on a strained interpretation of the discovery rules rejected in the latest revision to the Federal Rules of Civil Procedure. Moreover, by requiring trial courts to review documents in discovery disputes to determine if an attorney's work product is involved, the court adds to the cost and delay of litigation. Because I believe the rule governing an attorney's work product does not prevent disclosure of correspondence between an attorney and expert witness under the state's Civil Practice Act, I dissent to Division 2.

1. I agree that this appeal involves the relationship between the

rule protecting an attorney's work product and the rule permitting discovery of the facts and opinions of expert witnesses. OCGA § 9-11-26 (b) (3) provides, in relevant part:

> (3) *Trial Preparation; materials.* Subject to paragraph (4) of this subsection, a party may obtain discovery of documents and tangible things otherwise discoverable under paragraph (1) of this subsection and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Subsection (b) (4) establishes the rule for discovering information held by experts employed in anticipation of litigation or for trial. A party may require any other party to identify through interrogatories

> each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

OCGA § 9-11-26 (4) (A) (i). Another party may take the expert's deposition and file a request for the production of documents "the same as any other witness," but for a reasonable fee. OCGA § 9-11-26 (4) (A) (ii).

Neither the language nor the legislative history of the rules supports the majority's interpretation of the statute. The majority arbitrarily limits the first clause of OCGA § 9-11-26 (b) (3), which makes paragraph (3) "[s]ubject to paragraph (4) of this subsection," to the first sentence of subsection (b) (3). It is not clear why the majority concluded that the initial clause covers the first sentence and not the second. One court has argued persuasively that the introductory clause applies to both the first and second sentences of Federal Rule 26 (b) (3). See *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384, 387-388 (N.D. Cal. 1991).

Moreover, by protecting opinion work product from disclosure,

the majority ignores our state's clear policy of permitting full discovery from expert witnesses. See generally D. Langham, Agnor's Civil Discovery § 7-3 (1991 rev. ed.). Nowhere is there state law authority that the work product "defense" can curtail or obscure this policy of full disclosure. The rule on discovery of experts requires an expert whose "facts [are] known and opinions [are] held . . . and acquired or developed in anticipation of litigation or trial" to state the subject matter and substance of facts and opinion to which he will testify and a "summary of the grounds for each opinion." Since the expert's opinion will be based on the facts he has been given, as opposed to the events he has observed, it is necessary for the opposing party to know the facts the expert has assumed. See *Candler Gen. Hosp. v. Joiner*, 180 Ga. App. 455, 458 (349 SE2d 756) (1986). This disclosure helps reduce the potential for an attorney coaching the expert witness on the opinion desired.

The legislative history of OCGA § 9-11-26 also demonstrates this state's policy of unfettered discovery from experts. Under the federal rule prior to the 1993 amendment, a party could not obtain more than interrogatory responses from an expert without court order. FRCP 26 (b) (4) (A) (ii) ("Upon motion, the court may order further discovery by other means"). In contrast, the Georgia rule specifically allows further discovery of expert witnesses "the same as any other witness" because the legislature did not want to limit the right to full discovery by deposition. OCGA § 9-11-26 (b) (4) (A) (ii); Ga. Code Ann. § 81A-126 editorial note (Harrison 1984).

2. The legislative history of the federal rules also supports discovery of the information on which an expert relies. The Georgia discovery rules are based on the 1970 amendments to the Federal Rules of Civil Procedure. In adopting Federal Rule 26 (b) (4), the drafters chose to permit discovery of information obtained by a party from an expert expected to be called as a witness at trial. Meaningful discovery of the information held by an expert witness is required to enable effective cross-examination and rebuttal at trial. FRCP 26 (b) (4) advisory committee's note, 1970 amendment. The drafters rejected as "ill-conceived" court decisions that sought to bring expert information within the work product doctrine. Id.

Relying on this legislative history, many federal courts have held that a party may discover an attorney's work product that an expert uses to formulate his or her opinion. See, e.g., *Boring v. Keller*, 97 F.R.D. 404 (D. Colo. 1983). The documents are relevant because they may have influenced the expert's opinion testimony. *Occulto v. Adamar of New Jersey*, 125 F.R.D. 611, 617 (D. N.J. 1989). Production fulfills the purpose of discovery by allowing a party to prepare for the cross-examination and possible impeachment of a critical witness of an adverse party. See *William Penn Life Assur. Co. v. Brown*

*Transfer &c. Co.*, 141 F.R.D. 142, 143 (W.D. Mo. 1990). Despite the majority opinion's labeling of attorney work product as a "higher value," there is no compelling rationale that permits counsel to deliver work product to an expert and then "withhold material from an adversary who seeks to exploit the fact of this assistance in cross-examining the witness." *Berkey Photo v. Eastman Kodak Co.*, 74 F.R.D. 613, 617 (S.D. N.Y. 1977).

Although the federal courts are split on the issue,[3] the 1993 amendment to Federal Rule 26 supports the line of cases that favor disclosure of materials considered by expert witnesses in forming their opinions, even when an attorney prepares the material. The rule therefore rejects the reasoning in the circuit court opinion on which the majority opinion relies. See *Bogosian v. Gulf Oil Corp.*, 738 F2d 587 (3rd Cir. 1984). Federal Rule 26 now requires a party to identify expert witnesses and provide a detailed written report of the expert testimony that may be offered at trial. The report must contain a complete statement of all opinions to be expressed, the basis and reasons for the opinions, and "the data or other information considered by the witness in forming the opinions." FRCP 26 (a) (2) (B).

> Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions — whether or not ultimately relied upon by the expert — are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

*Id.*, advisory committee's note, 1993 amendment.

I would rely on the language and intent of both the state rules and the federal rules' 1993 amendment and hold that OCGA § 9-11-26 (b) (4) permits discovery of documents that an attorney prepares and provides to an expert witness as part of the witness's preparation for testimony. Requiring production of the material would aid in the fair resolution of legal disputes, which is the purpose of discovery. It would narrow the disputed facts and expert opinions to be resolved at trial and assist in the effective cross-examination and rebuttal of expert witnesses. In addition, its implementation would lessen the need for the trial court's intervention in discovery disputes.

For these reasons, I would reverse Division 2 of the Court of Appeals' decision. I am authorized to state that Chief Justice Hunt joins in this dissent.

---

[3] See *Intermedics*, 139 F.R.D. at 387, n. 3 (listing cases).

DECIDED JULY 15, 1994.

*Alston & Bird, Robert D. McCallum, Jr., James C. Grant,* for appellants.

*Alan Z. Eisenstein,* for appellee.

