**Ken MAYNARD and Jearlene Maynard, Plaintiffs,**

v.

**WHIRLPOOL CORPORATION, a Delaware corporation, Defendant.**

Civ. A. No. 3:93–1139.

United States District Court, S.D. West Virginia, at Huntington.

Feb. 21, 1995.

4. Nothing in the way of evidence has, however, been tendered or proffered.

Herschel H. Rose, III, Rose & Atkinson, Andrew L. Paternostro, Rose & Atkinson, Charleston, WV, for plaintiffs.

Gerard R. Stowers, Monica K. Schwartz, Bowles, Rice, McDavid, Graff & Love, Charleston, WV, for defendant.

## MEMORANDUM ORDER

TAYLOR, United States Magistrate Judge.

This matter comes before the Court on motion of plaintiffs to compel, seeking an order "compelling the defendant to produce its expert witness, Ray Taylor, for deposition and have Mr. Taylor respond to plaintiffs' counsel's questions." Mr. Taylor is defendant's expert and is expected to testify at a February 28, 1995 trial concerning whether a fire, which destroyed plaintiffs' mobile home in August of 1991, was caused by "the malfunctioning of a Whirlpool Dryer, manufactured by defendant," as alleged in the complaint. Securing experts and arranging for depositions has caused considerable delay, and the late appearance of Mr. Taylor in the case necessitated the most recent continuance of the trial. By arrangement of the parties, his deposition was commenced on January 30, 1995, at the office of counsel for plaintiffs in Charleston, and defendant arranged, at its expense, for Mr. Taylor's travel from his residence in Michigan to Charleston. Very early in the deposition, and apparently prior to any questioning of the expert concerning his opinions and the basis therefor, counsel for plaintiffs asked Mr. Taylor whether Mr. Webb, counsel for defendant, had expressed to him "any dissatisfaction with Mr. Jaske's opinions?"[1] Counsel for defendant objected to the question and directed the witness "not to answer." In counsel's view, the question called for "the disclosure of attorney/client communications."[2] Counsel for plaintiffs, expressing the view that there was "no attorney-client privilege between [defendant] ... and [its] ... expert," thereupon terminated the deposition, though invited by defendant's counsel to "pursue other lines of questioning while we are here today ... to ask about liability issues, to ask about other areas that I know he intended to cover with this witness...." The dispute was subsequently brought by means of the present motion before the Court for resolution.

Preliminarily, it should be noted that termination of the deposition, under the circumstances presented, constituted, in the Court's view a drastic and unwarranted action and was not justified, on the basis of the facts

1. Mr. Jaske was, it appears, to have been the testifying expert for defendant prior to the time it secured the services of Mr. Taylor.

2. Although Mr. Taylor was recently retired from Whirlpool and apparently continued working as a consultant, the appropriate objection, it is believed, would have been on grounds of work product, not attorney-client privilege. Concluding that the work product doctrine precluded plaintiffs' question, the Court does not reach the question of whether, under the circumstances, the attorney-client privilege has any applicability.

presented. Magistrate Judges in this district are generally available for relief by phone conference when disputes arise during the course of depositions, and, even when not available, disputes, such as presented here, can be resolved and appropriate relief provided with respect to the matter in controversy, after completion of the deposition.

Turning to the merits of the dispute, it seems clear that counsel's question, perhaps inartfully phrased, sought information protected from discovery by the work product doctrine. As counsel for plaintiffs pointed out in argument before the Court, work product protection is normally available only when it is documents or other tangible things that are sought. However, the contours of the work product doctrine, as distinguished from the protection accorded work product under the provisions of Rule 26(b)(3), Fed.R.Civ.P., are found in the decision of the Court in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and when, as in this case, opposing counsel's mental impressions, conclusions or opinions are sought in the context of a deposition, rather than as memorialized on paper, it is to the *Hickman* decision, rather than Rule 26, that the Court must look in resolving the dispute.[3]

*Hickman* involved discovery not only of written statements of witnesses but also oral statements secured by counsel, *some* of which were reduced to "memoranda of what they told him," and the district court order, ultimately reversed on appeal, required counsel, *inter alia,* to respond to interrogatories by stating " 'in substance any fact concerning this case ... learned through oral statements ... whether or not included in ... private memoranda and produce [counsel's] ... memoranda containing statements of fact by witnesses....' " *Id.* at 499, 500, 67 S.Ct. at 387–88, 388. In that aspect of the decision

directed towards the discovery of what was characterized variously as mental impressions and personal recollections "contained in the ... mind of the attorney Fortenbaugh," *id.* at 509, 67 S.Ct. at 392, the Court, taking cognizance of "the general policy against invading the privacy of an attorney's course of preparation," a policy "essential to an orderly working of our system of legal procedure," *id.* at 512, 67 S.Ct. at 394, refused to require "production," noting that it would be "a rare situation ... [which would justify] production of these matters," *id.* at 513, 67 S.Ct. at 395, and that "[n]ot even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney." *Id.* at 510, 67 S.Ct. at 393. This aspect of the *Hickman* decision has, of course, been recognized as according special protection for attorney opinion work product and provides governance, beyond that provided in Rule 26(b)(3), when discovery of counsel's mental impressions, conclusions or opinions are sought.

It being clear that intangible, as well as tangible, material qualifies for protection from discovery under the work product doctrine, the dispute presented here, involving the question of whether the conveyance of opinion work product[4] to a testifying expert by counsel thereby subjects counsel's opinion work product to discovery during the deposition of the expert, is readily resolved. The issue presented is not novel, and there are a significant number of reported decisions, decisions in which the courts have reached somewhat divergent conclusions.[5] As was pointed out by the Court in *North Carolina Electric Membership Corporation v. Carolina Power & Light Company,* 108 F.R.D. 283, 286 (M.D.N.C.1985), in this Circuit, guidance with regard to the respect which must be accorded an attorney's opinion work prod-

3. *See,* 4 *Moore's Federal Practice,* ¶ 26.15[1] at 26–291 through 26–294 (1994); *Transmirra Products Corp. v. Monsanto Chemical Company,* 26 F.R.D. 572, 579 (S.D.N.Y.1960).

4. Plaintiffs' query as to whether defendant's counsel expressed "dissatisfaction" can only be interpreted as seeking opinions or strategies of counsel. Had the deposition been continued rather than terminated, questions concerning facts conveyed to Mr. Taylor by counsel might

have provided plaintiffs with the information necessary to proceed. That sequence, however, can only be a matter of speculation.

5. *See, Intermedics, Inc. v. Ventritex, Inc.,* 139 F.R.D. 384 (N.D.Calif.1991); *Rail Intermodal Specialists, Inc. v. General Electric Capital Corporation,* 154 F.R.D. 218 (N.D.Iowa 1994); *Bogosian v. Gulf Oil Corporation,* 738 F.2d 587 (3rd Cir.1984).

88

uct, and the appropriate analysis of the effect of the conveyance of opinion work product to a testifying expert, has been provided by the decision of the Court in *Duplan Corporation v. Moulinage et Retorderie de Chavanoz,* 509 F.2d 730 (4th Cir.1974), *cert. denied* 420 U.S. 997, 95 S.Ct. 1438, 43 L.Ed.2d 680 (1975), and that decision holds, in the context there presented, that an attorney's opinion work product is nearly, if not absolutely, privileged. *Id.* at 734. Decisions of the Court subsequent to *Duplan*[6] cast doubt on neither its reasoning or the holding of the Court in *Carolina Power & Light Company.* It necessarily follows that plaintiffs' motion to compel, a motion by which plaintiffs seek to secure an attorney's opinion work product, must be denied, and it is so **ORDERED.**

At the hearing, the parties agreed that the deposition of Mr. Taylor would be resumed and conducted in accordance with the Court's ruling. The deposition will, under the circumstances, be conducted either by telephone or at the place of residence of Mr. Taylor, inasmuch as the Court would not require further expenditure of funds by defendant in connection with the deposition of its expert.

---

**6.** *See, National Union Fire Insurance Company v. Murray Sheet Metal Company, Inc.,* 967 F.2d 980 (4th Cir.1992).