**Estate of Carl J. MOORE,
et al., Plaintiffs,**

v.

**R.J. REYNOLDS TOBACCO COMPANY,
et al., Defendants.**

**No. 1–98–CV–10029.**

United States District Court,
S.D. Iowa,
Western Division.

May 19, 2000.

Glenn L. Norris, Steven P. Wandro, E. Ralph Walker, Des Moines, IA, Norwood S. Wilner, Jacksonville, FL, for plaintiffs.

Steven L. Nelson, David Tank, Kris Holub Smith, Des Moines, IA, Thomas F. Gardner, Dennis L. Murphy, Melissa J. Nandi, Cleveland, OH, for R.J. Reynolds Tobacco.

Steven L. Nelson, Des Moines, IA, Vincent T. Chang, New York City, for RJR Nabisco, Inc.

Robert Van Vooren, Thomas D. Waterman, Davenport, IA, William Allinder, Gregory L. Fowler, Kansas City, MO, for Philip Morris, Inc., Phillip Morris Companies, Inc.

Roger T. Stetson, Edward M. Mansfield, Des Moines, IA, Frank C. Woodside, III, Frederick M. Erny, William A. Sherman II, Cincinatti, OH, for Brown and Williamson Tobacco Corp., Batus Holding, Inc.

John A. McClintock, Chester C. Woodburn, III, Kerry A. Finley, Des Moines, IA, for British American Tobacco Co.

Kerry A. Finley, Des Moines, IA, for British American (Holdings), Ltd.

David L. Brown, John A. McClintock, Chester C. Woodburn, III, Kerry A. Finley, Des Moines, IA, for BAT Industries.

BREMER, United States Magistrate Judge.

This matter is before the Court on Defendants' Motion for Leave to Compel Production of Retention Letters and Other Communication Between Plaintiffs' Counsel and Their Experts, (Clerk's No. 96), filed February 29, 2000. Plaintiffs resisted the Motion, and the court held a hearing on April 6, 2000. This matter is fully submitted.

## BACKGROUND

Plaintiffs are suing Defendants, several tobacco companies, for alleged smoking-related injuries. The present Motion concerns documents sent from Plaintiffs' counsel to expert witnesses John Craighead, M.D., and John R. Hughes, M.D., retained by Plaintiffs to testify at trial, and from the witnesses to Plaintiffs' counsel. The documents comprise the following materials listed on Plaintiffs' January 14, 2000, privilege log, (Defs.' Ex. C at 9)[1]:

1. No. 617, a fax cover sheet dated October 13, 1999, sent from Plaintiffs' counsel's legal assistant to Hughes concerning details and persons to contact. Plaintiffs have produced a redacted version of this document.

2. Nos. 631–32, a November 2, 1999, letter from Plaintiffs' counsel to Hughes containing editing comments regarding his expert's report.

3. No. 652, a September 24, 1999, letter from Plaintiffs' counsel to Hughes en-

closing a list, which Plaintiffs produced previously, of Carl Moore's relatives and friends and their telephone numbers, and a draft of the expert report.

4. No. 655, a copy of a produced page from which an attorney note was redacted. The copy does not show the content of the redacted note.

5. Nos. 660–61, a September 17, 1999, retention letter to Hughes from Plaintiffs' counsel. (The enclosures were produced.)

6. No. 664, a July 19, 1999, retention letter to Craighead from Plaintiffs' counsel. (The enclosures were produced.)

7. No. 665, a July 23, 1999, letter to Craighead from Plaintiffs' counsel regarding pathology.

8. No. 670, a fax cover sheet sent November 2, 1999, from Craighead to Plaintiffs' counsel. (The enclosure was produced.)

9. No. 680, same letter as No. 652 above.

10. Nos. 682–86, a draft of Hughes' expert report.

11. Nos. 687–90, a fax cover sheet and draft of an expert report dated October 25, 1999, sent from Hughes to Plaintiffs' counsel.

12. Nos. 691–93, draft of an expert report dated October 28, 1999, sent from Hughes to Plaintiffs' counsel.

Plaintiffs claim disclosure of these communications is not required because they are opinion work product, and opinion work product is entitled to immunity even when, as here, the attorney for the party claiming immunity discloses the communication to an expert to consider in preparation for testifying. Defendants dispute that the documents are opinion work product. Even if the documents are opinion work product, Defendants assert, (1) the documents are not protected, because Plaintiffs waived any immunity by giving the work product to their experts, or

---

1. After the present Motion to Compel was filed, Plaintiffs produced Nos. 615–16, 622, 663, and

679. The court therefore did not evaluate these documents.

(2) alternatively, the court should order production of the documents after applying the balancing test used in *Rail Intermodal Specialists, Inc. v. General Elec. Capital Corp.*, 154 F.R.D. 218 (N.D.Iowa 1994).

## DISCUSSION

■■ The court applies federal law to resolve the work-product claims in this diversity case. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053–54 (8th Cir.2000). The work-product doctrine restricts discovery of documents prepared in anticipation of litigation by or for another party or by or for that other party's attorney or agent. Fed. R.Civ.P. 26(b)(3) [2]; *Petersen v. Douglas Co. Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir.1992). Work product comprises both ordinary and opinion work product. *Baker*, 209 F.3d 1051, 1053–54.

■ Ordinary work product includes raw factual information. *Id.* This work product is not discoverable unless the party can show a substantial need for the materials and cannot obtain the substantial equivalent of the materials by other means. *Id.; see* Fed.R.Civ.P 26(b)(3).

■■ Opinion work product, in contrast, contains counsel's mental impressions, conclusions, opinions and legal theories. *Baker*, 209 F.3d 1051, 1053–54; Fed.R.Civ.P. 26(b)(3). Examples include notes and memoranda of a party's attorney or agent from a witness interview, and the selection and compilation of documents in preparation for trial.

*Id.* (citing *Petersen*, 967 F.2d at 1189) (stating mere acknowledgment of attorney's selection and compilation of business records in preparation for litigation would reveal mental impressions concerning the potential litigation); *In re Grand Jury Proceedings*, 473 F.2d 840, 848 (8th Cir.1973) (holding attorney's personal recollections, notes and memoranda from interviews are absolutely protected work product); and *Upjohn Co. v. United States*, 449 U.S. 383, 399–400, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) ("[f]orcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes")). Draft versions of expert reports are also opinion work product. *Nexxus Products Co. v. CVS New York, Inc.*, 188 F.R.D. 7, 11 (D.Mass.1999).[3] Opinion work product "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." *Baker*, 209 F.3d 1051, 1053–54 (citing *In re Murphy*, 560 F.2d 326, 336 (8th Cir.1977)).

Plaintiffs submitted the disputed documents for *in camera* inspection. The court has examined the documents to determine whether, and what kind, of work product they contain and whether they are protected under the work-product doctrine.

### 1. Document Nos. 617, 631–32, 652, 660–61, 664–65, 670, 680, and 682–93

The court finds that document Nos. 617, 631–32, 652, 660–61, 664–65, 670, 680, and

**2.** Rule 26(b)(3) provides in part as follows:
Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the

required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

**3.** Counsel may assist experts in preparing their expert reports. *Nexxus*, 188 F.R.D. at 11; Fed. R.Civ.P. 26(a)(2)(B) advisory committee's note (1993) (stating Rule does not preclude counsel from assisting experts in preparing reports, and indeed, "with experts such as automobile mechanics, this assistance may be needed"; but report should reflect expert's testimony and be signed by expert).

682–93 contain Plaintiffs' counsel's or agents' mental impressions, conclusions, opinions and legal theories and thus constitute opinion work product. The court next analyzes whether these documents are discoverable.

The Eighth Circuit has not addressed the issue of whether opinion work product is immune from discovery even if shared with an expert witness in preparation for litigation. *Rail*, 154 F.R.D. at 219. Other courts are divided on the issue. *See Nexxus*, 188 F.R.D. at 8–9 (comparing the various approaches); *Rail*, 154 F.R.D. at 219–20 (same).

When its circuit has not addressed the issue, a district court may look for guidance to its circuit's general immunity rule for opinion work product. *See North Carolina Elec. Membership v. Carolina Power & Light Co.*, 108 F.R.D. 283, 286 (M.D.N.C. 1985) (finding *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509 F.2d 730 (4th Cir.1974), provided "the rule in this Circuit that an attorney's opinion work product is absolutely privileged under Rule 26(b)(3)", and the court's "reasoning and reading of Rule 26(b)(3) compel a conclusion that, in this Circuit, opinion work product is absolutely immune from discovery even if shared with an expert witness"). The Eighth Circuit followed *Duplan* in extending opinion-work-product immunity to documents given immunity in previous, unrelated litigation. *In re Murphy*, 560 F.2d at 336. Although the *Murphy* court stopped short of finding, as did the *Duplan* court, that opinion work product is absolutely immune from discovery, the court nevertheless determined that opinion work product enjoys nearly absolute immunity under Rule 26(b)(3) and is discoverable only in "very rare and extraordinary circumstances." *Murphy*, 560 F.2d at 336 (citing *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

Defendants rely on *Rail* for the proposition that even if the court determines that the documents at issue are opinion work product, the court should apply a balancing test, which would allegedly lead to the con-

clusion the documents are discoverable. The *Rail* court analyzed three approaches used to determine if opinion work product was discoverable when given to expert witnesses retained to testify: Cases that rely on the work-product doctrine to bar disclosure under those circumstances, cases that require such disclosure, and cases that balance work-product protection against the need for disclosure of the grounds for expert testimony. *Rail*, 154 F.R.D. at 219–21. The *Rail* court did not cite *Murphy* or its rule affording near absolute immunity to opinion work product. The court concluded that using the balancing analysis introduced in *Intermedics, Inc. v. Ventritex, Inc.*, 139 F.R.D. 384 (N.D.Cal.1991), was the most appropriate way to resolve the conflicting interests underlying the work-product doctrine and the rules requiring discovery of the bases of expert opinions. *Id.* at 221.

The *Intermedics* court viewed the rules governing the work-product doctrine and those governing disclosure of expert testimony as having presumptively comparable standing, and therefore the court found it "appropriate to resolve the tensions between them by adopting an analytical process in which neither side begins with an advantage"—a "truly open balancing analysis." *Intermedics*, 139 F.R.D. at 391. No circuit appeals court has adopted *Intermedics'* balancing test. Since *Rail* was decided, the Eighth Circuit has reaffirmed its holding in *Murphy* that opinion work product is entitled to nearly absolute immunity. *Baker*, 209 F.3d 1051, 1053–54 (citing *Murphy*); *see Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir.1997) (stating opinion work product can be discovered only in rare and extraordinary circumstances; citing *Murphy*). Considering the Eighth Circuit's recent reiteration of *Murphy's* near-absolute-immunity rule, the court believes the Circuit would not adopt the *Intermedics* approach, in which "neither side begins with an advantage." *See Intermedics*, 139 F.R.D. at 391. The court therefore declines to follow the *Rail/Intermedics* analysis.

■ *Murphy* is controlling on the issue facing the court and provides the rule in this

Circuit that opinion work product has nearly absolute immunity from discovery, and such work product can be discovered only in very rare and extraordinary circumstances. *See Baker,* 209 F.3d 1051, 1053–54; *Murphy,* 560 F.2d at 336. Even when opinion work product is shared with an expert witness in preparation for testifying at trial, the *Murphy* courts' reasoning and a reading of Rule 26(b)(3) compel this court to conclude that, in this Circuit, such opinion work product has nearly absolute immunity from discovery. This conclusion is bolstered by the persuasive reasoning of those courts holding attorney-opinion materials considered by an expert in preparation for trial are protected from required disclosure. *See, e.g., Bogosian v. Gulf Oil Corp.,* 738 F.2d 587, 593–95 (3d Cir.1984); *Nexxus,* 188 F.R.D. at 10–11; *Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289, 292–94 (W.D.Mich.1995). To overcome this immunity, Defendants bear the heavy burden of establishing a rare and extraordinary circumstance entitling them to obtain these materials. *See Baker,* 209 F.3d 1051, 1053–54; *Pittman,* 129 F.3d at 988; *Murphy,* 560 F.2d at 336.

Defendants argue that to prepare effective cross-examination, and especially to expose the extent of counsel's influence on the experts' opinions, they need access to all the information that shaped the experts' opinions.

■ A defendant's contention that the attorney's work product shaped the expert's opinion demonstrates "little more than a speculative need for the documents in question." *All West Pet Supply Co. v. Hill's Pet Prod. Div., Colgate–Palmolive Co.,* 152 F.R.D. 634, 638 (D.Kan.1993). Courts generally do not allow discovery of a witness statement to an attorney if that witness is available to the other party. *Baker,* 209 F.3d 1051, 1054–55. A cross-examiner's central inquiry, moreover, is not whether, or to what extent, counsel influenced the expert, but is rather what is the basis of the expert's opinion? *Nexxus,* 188 F.R.D. at 10. Even without questioning counsel's role in assisting the

expert, in cross-examination an attorney can effectively probe the adequacy and reliability of the expert's stated basis for his opinion. *Id.; All West Pet Supply,* 152 F.R.D. at 638 n. 6 (quoting *Bogosian,* 738 F.2d at 595). Such cross-examination, along with testimony of other experts, will expose deficiencies in the basis of an expert's opinion. *Id.*

The court finds that Defendants' need to cross examine experts in this case is not among the very rare and extraordinary circumstances, such as when the material sought shows an attorney engaged in illegal conduct or fraud, required to establish an exception to the nearly absolute immunity the Eighth Circuit affords to opinion work product. *See Baker,* 209 F.3d 1051, 1053–54; *Pittman,* 129 F.3d at 988; *Murphy,* 560 F.2d at 336. Therefore, document Nos. 617, 631–32, 652, 660–61, 664–65, 670, 680, and 682–93 remain immune from discovery.

### 2. Document No. 655

Plaintiffs have not produced the contents of the redacted note in document No. 655. The court therefore cannot evaluate whether the note is opinion work product.

Plaintiffs have not met their burden of establishing the existence of opinion work product. The court therefore finds that Plaintiffs must produce this document. Alternatively, Plaintiffs may supplement the record by producing for *in camera* inspection an unredacted copy of the note by May 31, 2000. If Plaintiffs produce an unredacted copy, the Court will determine whether the note is work product, and whether it is discoverable.

### CONCLUSION

Document Nos. 617, 631–32, 652, 660–61, 664–65, 670, 680, and 682–93 are opinion work product, and they are therefore protected by nearly absolute immunity, discoverable only under rare and extraordinary circumstances. Defendants' need to cross-examine experts in this case is not among the rare and extraordinary circumstances re-

quired to establish an exception. Therefore, the court denies Defendants' Motion to Compel Production as to these documents. Plaintiffs may supplement the record by producing for *in camera* inspection an unredacted copy of document No. 655 by May 31, 2000. If Plaintiffs do not meet this deadline, the Court will grant Defendants' Motion to Compel Production as to document No. 655.

In summary, the Court **denies in part** Defendants' Motion to Compel (Clerk's No. 96) as follows: the court denies that portion of the Motion requesting production of Nos. 617, 631–32, 652, 660–61, 664–65, 670, 680, and 682–93, and the court reserves ruling on the Motion in relation to No. 655.

**IT IS SO ORDERED.**