**SECOND DIVISION**
**MILLER, P. J.,**
**ELLINGTON, P. J., and ANDREWS, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 30, 2018**

# In the Court of Appeals of Georgia

A18A1011. MOODY et al. v. HILL, KERTSCHER & WHARTON, LLP et al.

ANDREWS, Judge.

This is an interlocutory appeal from the denial of a motion for protective order filed by the plaintiffs in a legal malpractice action. We reverse.

The appellants (Daryl Moody and three business entities associated with him: Mast Nine, Inc., UAS Investments, LLC, and Leucadia Investment Holdings, Inc.) commenced this action against the appellees (Hill, Kertscher & Wharton, LLP, Douglas Kertscher, and Robert Joseph), complaining that they were sued as a result of legal advice and services provided by the appellees. According to the complaint, in January and February 2015, Moody and UAS Investments retained the appellees to provide legal advice and services regarding their ongoing investments and

transactions with a California-based aerospace company. Pursuant to the appellees' advice, the appellants took measures to oust the aerospace company's president, Robert Miller, and filed suit in Georgia against him and the company. Consequently, the appellants found themselves the defendants in an action in California brought by the ousted president.

That advice and consequent lawsuit in California constitute the primary basis for the appellants' malpractice action against the appellees. But the appellants also complained the appellees failed to raise certain defenses in the California action, and failed to disclose their prior representation of Miller and the aerospace company, a conflict of interest that ultimately resulted in the appellees' disqualification in the Georgia action, and their withdrawal as counsel in the California action.

In April 2015, Moody engaged the law firm of Holland & Knight to assist with the above litigation. In a retainer letter dated May 26, 2015, Holland & Knight specified that its role was to advise Moody in his individual capacity on the strategic direction of the litigation. Holland & Knights' limited representation of Moody ended in November 2015.

The appellants eventually filed this action against the appellees on April 28, 2017, but they did not file suit against Holland & Knight. The appellees, however,

requested production of Holland & Knight's litigation files for both the Georgia and California actions, as well as all correspondence, reports, memos, notes, and research concerning the appellants. The appellants sought a protective order on the grounds the requested materials were protected by both the attorney/client privilege and the work product privilege.

The trial court found it undisputed that Holland & Knight and the appellees together had represented the appellants in the litigation. For that reason, and relying upon *Christenbury v. Locke Lord Bissell & Liddell, LLP*, 285 FRD 675, 683 (N.D. Ga. 2012), the trial court determined that by suing the appellees, the appellants had waived any attorney/client privilege and work product privilege with regard to not only the appellees, but also non-party Holland & Knight, and denied the motion for protective order. This appeal followed.

"Communications between attorney and client are excluded from evidence in this state on grounds of public policy. The privilege belongs to the client and may be waived." *Waldrip v. Head*, 272 Ga. 572, 577 (532 SE2d 380) (2000). "[A]n attorney is released from the obligations of secrecy when a client charges negligence, malpractice, or other professional misconduct in an action against the attorney. . . ." Id.

Certainly, the appellants waived the attorney/client privilege between themselves and the appellees. The issue presented here though is whether a client, who sues an attorney for malpractice and thereby waives the attorney/client privilege, also impliedly waives the attorney/client privilege with regard to a third party attorney also engaged by the client but not sued by the client. It appears this specific issue has not yet been decided in Georgia. But the Supreme Court has indicated implied waivers of the attorney/client privilege should be narrowly drawn, limited to the specific claims of attorney malfeasance. *Waldrip v. Head*, id. at 578-79.

In *Christenbury*, supra, the trial court held that the plaintiff client waived the attorney/client privilege with regard to a third party attorney for any communications and materials generated by the non-party third party attorney during the subject transaction. However, that implied waiver did not apply to post-transaction communications and materials. *Christenbury* is inapposite here, as the plaintiff client therein actually also sued the third party attorney (albeit in a different court) for the same transaction for which the defendant attorney was blamed. Thus, there was a direct basis for finding a waiver of the attorney/client privilege with regard to the third party attorney who was not a party in *Christenbury*.

4

In the instant case, we find no basis for finding the appellants impliedly waived the attorney client privilege with regard to the non-party Holland & Knight. The trial court found it undisputed that Holland & Knight and the appellees together represented the appellants in connection with the matters which are the subject of the appellants' claims. However, the appellants actually engaged Holland & Knight *after* the legal advice and services provided by the appellees that constitute the subject of the appellants' complaint against the appellees. Holland & Knight were involved in dealing with the consequences of the alleged malfeasance of the appellees. Accordingly, even if the rule in *Christenbury* were applied, there would be no basis for finding an implied waiver of the attorney/client privilege between the appellants and the non-party Holland & Knight.

*Judgment reversed. Miller, P. J. and Ellington, P. J., concur.*