**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 8, 2021**

# In the Court of Appeals of Georgia

A18A1011. MOODY et al v. HILL, KERTSCHER & WHARTON, LLP et al.

PIPKIN, Judge.

This is the second appearance of this legal-malpractice action before this Court. As we have previously summarized, Appellants moved the trial court for a protective order, claiming that certain documents sought by Appellees from a non-party law firm were protected by attorney-client privilege and were attorney-work product; the trial court denied the motion, concluding that Appellants had waived both protections by filing this instant action. See *Moody v. Hill, Kertscher & Wharton, LLP*, 346 Ga. App. 129, 130 (813 SE2d 790) (2018) ("*Moody I")*. This Court granted Appellants' interlocutory appeal and reversed, concluding that Appellants had not waived their right to attorney-client privilege with respect to the non-party law firm; we did not reach the question of whether the requested documents were otherwise protected as

attorney-work product. Id. at 131. Our Supreme Court granted certiorari review and reversed our decision, concluding that Appellants had, in fact, impliedly waived the attorney-client privilege and that we should have affirmed the trial court on this point. *Hill, Kertscher & Wharton, LLP v. Moody*, 308 Ga. 74, 80 (2) (839 SE2d 535) (2020) ("*Moody II")*. Accordingly, we adopt the judgment of the Supreme Court as our own, and affirm the trial court's decision denying the protective order based on attorney-client privilege. However, this does not conclude the case.

As our Supreme Court correctly noted, still left undecided in this appeal is whether the documents at issue may be protected by attorney-work product. See *Moody II*, 308 Ga. at 80-81 (3). Here, the trial court concluded that Appellants had waived any right to make a claim of attorney-work product by filing the instant legal malpractice action, seemingly equating the waiver of attorney-work product with the waiver of the attorney-client privilege; this, however, was erroneous. "[T]he attorney-client privilege is intended to protect the attorney-client relationship by protecting communications between clients and attorneys, [while] the work-product doctrine directly protects the adversarial system by allowing attorneys to prepare cases without concern that their work will be used against their clients." *McKesson HBOC, Inc. v. Adler*, 254 Ga. App. 500, 503 (1) (562 SE2d 809) (2002). Evaluating a claim of work-product protection is a "complex and fact-intensive process [that]

2

differs substantially from the analysis required for a claim of attorney-client privilege[.]" Id at 502. Thus, the trial court's conclusion concerning Appellants' waiver of attorney-client privilege sheds no light on claims concerning attorney-work protections. Id.

OCGA § 9-11-26 (b) (3) provides the standard concerning the production of attorney-work product. That subsection states, in relevant part, as follows:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under . . . this subsection and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

"As we read the language of this subsection, it is obvious that documents, statements and other tangible items of evidence developed by one party in preparation for litigation are discoverable by the other party only in carefully limited circumstances." *Ga. Intl. Life Ins. Co. v. Boney*, 139 Ga. App. 575, 580-581 (3) (228 SE2d 731) (1976). The discovery of these items is proper only where the party seeking disclosure "shows (1) that it has a substantial need for the materials to prepare its case

3

and (2) that it is unable without undue hardship to obtain the substantial equivalent of the materials by other means." (Citation and punctuation omitted.) *St. Simons Waterfront, LLC v. Hunter, Maclean, Exley & Dunn, P.C.*, 293 Ga. 419, 429 (2) (746 SE2d 98) (2013). Even if the party seeking disclosure makes the requisite showing, the trial court may order the production of the material only *after* ensuring that there is no disclosure of mental impressions, conclusions, opinions, or legal theories of any attorney or other representative. See *McKinnon v. Smock*, 264 Ga. 375, 376 (2) (445 SE2d 526) (1994). Such a step requires an in camera review and possible redaction of the document. See *St. Simons Waterfront*, 293 Ga. at 429-430 (2).

Here, the trial court has made no finding of fact concerning Appellees' need or hardship and has made no inquiry into the substance of the documents at issue. Because the trial court is the finder of fact in discovery disputes, we must remand this case to the trial court for further proceedings consistent with this opinion. See *Wellstar Health System, Inc. v. Jordan*, 293 Ga. 12, 18 (743 SE2d 375) (2013).

*Judgment affirmed in part and vacated in part, and case remanded. Miller, P. J., and Hodges, J., concur.*

4