**ESTATE OF Phillip P. CHOPPER, Deceased, by Cheryl A. CHOPPER, Executor, and Cheryl A. Chopper, Individually, Plaintiffs,**

v.

**R.J. REYNOLDS TOBACCO COMPANY, et al., Defendants.**

No. C98–63–EJM.

United States District Court, N.D. Iowa, Cedar Rapids Division.

May 19, 2000.

Glenn Norris, Steven P. Wandro, E. Ralph Walker, Harley C. Erbe, Walker Law Firm, Des Moines, IA, for plaintiffs.

Dennis L. Murphy, Melissa J. Nandi, Cleveland, OH, Steven L. Nelson, David A. Tank, Kris Holub Smith, Des Moines, IA, for R.J. Reynolds Tobacco Co.

Robert Van Vooren, Thomas D. Waterman, Davenport, IA, Gregory L. Fowler, William L. Allinder, William J. Crampton, Christine Novak, J. Patrick Sullivan, Timothy W. Congrove, Kansas City, MO, for Philip Morris, Inc.

William A. Sherman, II, Frank C. Woodside, III, Frederick M. Erny, Cincinnati, OH, Roger T. Stetson, Edward M. Mansfield, Des Moines, IA, for Brown & Williamson Tobacco Corp.

David L. Brown, John A. McClintock, Chester C. Woodburn, III, Des Moines, IA, for British American Tobacco Co., Ltd.

## ORDER ON MOTION TO COMPEL PRODUCTION

BREMER, United States Magistrate Judge.

This matter is before the Court on Defendants' Motion for Leave to Compel Production of Retention Letters and Other Communication Between Plaintiffs' Counsel and Their Experts, (Clerk's No. 174), filed February 29, 2000. Plaintiffs resisted the Motion, and the court held a hearing on April 6, 2000. This matter is fully submitted.

## BACKGROUND

Plaintiffs are suing Defendants, several tobacco companies, for alleged smoking-related injuries. The present Motion concerns documents sent from Plaintiffs' counsel to three expert witnesses, Martin Blinder, M.D., John Craighead, M.D., and Brian Cook, D.O., retained by Plaintiffs to testify at trial. The documents comprise the following materials listed on Plaintiffs' January 13, 2000, privilege log, (Defs.' Ex. C) [1]:

1. No. 630, a retention letter dated July 19, 1999, sent from Plaintiffs' counsel to Craighead with enclosed documents. (Enclosed documents were produced.)

2. Nos. 631–32, a September 16, 1999, retention letter from Plaintiffs' counsel to Blinder with enclosed documents. (Enclosed documents were produced.)

3. No. 633, a September 17, 1999, letter from Plaintiffs' counsel to Blinder enclosing a list, which Plaintiffs produced previously, of Philip Chopper's relatives and their telephone numbers.

4. No. 635, a September 10, 1999, retention letter to Cook from Plaintiffs' counsel with enclosed documents. (Enclosed documents were produced.)

Plaintiffs claim disclosure of these communications is not required because they are opinion work product, and opinion work product is entitled to immunity even when, as here, the attorney for the party claiming immunity discloses the communication to an expert to consider in preparation for testify-

---

1. Two documents listed on the privilege log, Nos. 634 and 636, were produced on February 9, 2000. The court therefore did not evaluate these documents.

ing. Defendants dispute that the documents are opinion work product. Even if the documents are opinion work product, Defendants assert, (1) the documents are not protected, because Plaintiffs waived any immunity by giving the work product to their experts, or (2) alternatively, the court should order production of the documents after applying the balancing test used in *Rail Intermodal Specialists, Inc. v. General Elec. Capital Corp.*, 154 F.R.D. 218 (N.D.Iowa 1994).

## DISCUSSION

### 1. Work–Product Doctrine

■ The court applies federal law to resolve the work-product claims in this diversity case. *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053–1054 (8th Cir.2000). The work-product doctrine restricts discovery of documents prepared in anticipation of litigation by or for another party or by or for that other party's attorney or agent. Fed. R.Civ.P. 26(b)(3) [2]; *Petersen v. Douglas Co. Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir.1992). Work product comprises both ordinary and opinion work product. *Baker*, 209 F.3d at 1053–1054.

■ Ordinary work product includes raw factual information. *Id.* This work product is not discoverable unless the party can show a substantial need for the materials and cannot obtain the substantial equivalent of the materials by other means. *Id.; see* Fed.R.Civ.P 26(b)(3).

■ Opinion work product, in contrast, contains counsel's mental impressions, conclusions, opinions and legal theories. *Baker*, 209 F.3d at 1053–1054; Fed.R.Civ.P. 26(b)(3). Examples include notes and memoranda of a party's attorney or agent from a witness interview, and the selection and compilation of documents in preparation for trial. *Id.* (citing *Petersen*, 967 F.2d at 1189 (stating

mere acknowledgment of attorney's selection and compilation of business records in preparation for litigation would reveal mental impressions concerning the potential litigation); *In re Grand Jury Proceedings*, 473 F.2d 840, 848 (8th Cir.1973) (holding attorney's personal recollections, notes and memoranda from interviews are absolutely protected work product); and *Upjohn Co. v. United States*, 449 U.S. 383, 399–400, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) ("[f]orcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes")). Opinion work product "enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud." *Baker*, 209 F.3d at 1054 (citing *In re Murphy*, 560 F.2d 326, 336 (8th Cir.1977)).

Plaintiffs submitted the disputed documents for *in camera* inspection. The court has examined the documents to determine whether, and what kind, of work product they contain and whether they are protected under the work-product doctrine.

### 2. Analysis

The court finds that document Nos. 630–33 and 635 contain Plaintiffs' counsel's mental impressions, conclusions, opinions and legal theories and thus constitute opinion work product. The court next analyzes whether these documents are discoverable. .

The Eighth Circuit has not addressed the issue of whether opinion work product is immune from discovery even if shared with an expert witness in preparation for litigation. *Rail*, 154 F.R.D. at 219. Other courts are divided on the issue. *See Nexxus Prod-*

---

2. Rule 26(b)(3) provides in part as follows:
   Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial

need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

ucts Co. v. CVS New York, Inc., 188 F.R.D. 7, 8–9 (D.Mass.1999) (comparing the various approaches); Rail, 154 F.R.D. at 219–220 (same).

When its circuit has not addressed the issue, a district court may look for guidance to its circuit's general immunity rule for opinion work product. See North Carolina Elec. Membership v. Carolina Power & Light Co., 108 F.R.D. 283, 286 (M.D.N.C. 1985) (finding Duplan Corp. v. Moulinage et Retorderie de Chavanoz, 509 F.2d 730 (4th Cir.1974), provided "the rule" in this Circuit that an attorney's opinion work product is absolutely privileged under Rule 26(b)(3), and the court's "reasoning and reading of Rule 26(b)(3) compel a conclusion that, in this Circuit, opinion work product is absolutely immune from discovery even if shared with an expert witness"). The Eighth Circuit followed Duplan in extending opinion-work-product immunity to documents given immunity in previous, unrelated litigation. In re Murphy, 560 F.2d at 336. Although the Murphy court stopped short of finding, as did the Duplan court, that opinion work product is absolutely immune from discovery, the court nevertheless determined that opinion work product enjoys nearly absolute immunity under Rule 26(b)(3) and is discoverable only in "very rare and extraordinary circumstances." Murphy, 560 F.2d at 336 (citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)).

Defendants rely on Rail for the proposition that even if the court determines that the documents at issue are opinion work product, the court should apply a balancing test, which would allegedly lead to the conclusion the documents are discoverable. The Rail court analyzed three approaches used to determine if opinion work product was discoverable when given to expert witnesses retained to testify: Cases that rely on the work-product doctrine to bar disclosure under those circumstances, cases that require such disclosure, and cases that balance work-product protection against the need for disclosure of the grounds for expert testimony. Rail, 154 F.R.D. at 219–221. The Rail court did not cite Murphy or its rule affording near absolute immunity to opinion work

product. The court concluded that using the balancing analysis introduced in Intermedics, Inc. v. Ventritex, Inc., 139 F.R.D. 384 (N.D.Cal.1991), was the most appropriate way to resolve the conflicting interests underlying the work-product doctrine and the rules requiring discovery of the bases of expert opinions. Id. at 221.

The Intermedics court viewed the rules governing the work-product doctrine and those governing disclosure of expert testimony as having presumptively comparable standing, and therefore the court found it "appropriate to resolve the tensions between them by adopting an analytical process in which neither side begins with an advantage"—a "truly open balancing analysis." Intermedics, 139 F.R.D. at 391. No circuit appeals court has adopted Intermedics' balancing test. Since Rail was decided, the Eighth Circuit has reaffirmed its holding in Murphy that opinion work product is entitled to nearly absolute immunity. Baker, 209 F.3d at 1053–1054 (citing Murphy); see Pittman v. Frazer, 129 F.3d 983, 988 (8th Cir. 1997) (stating opinion work product can be discovered only in rare and extraordinary circumstances; citing Murphy). Considering the Eighth Circuit's recent reiteration of Murphy's near-absolute-immunity rule, the court believes the Circuit would not adopt the Intermedics approach, in which "neither side begins with an advantage." See Intermedics, 139 F.R.D. at 391. The court therefore declines to follow the Rail/Intermedics analysis.

■ Murphy is controlling on the issue facing the court and provides the rule in this Circuit that opinion work product has near absolute immunity from discovery, and such work product can be discovered only in very rare and extraordinary circumstances. See Baker, 209 F.3d at 1053–1054; Murphy, 560 F.2d at 336. Even when opinion work product is shared with an expert witness in preparation for testifying at trial, the Murphy courts' reasoning and a reading of Rule 26(b)(3) compel this court to conclude that, in this Circuit, such opinion work product has nearly absolute immunity from discovery. This conclusion is bolstered by the persuasive reasoning of those courts holding attor-

ney-opinion materials considered by an expert in preparation for trial are protected from required disclosure. *See, e.g., Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 593–95 (3d Cir.1984); *Nexxus*, 188 F.R.D. at 10–11; *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 292–94 (W.D.Mich.1995). To overcome this immunity, Defendants bear the heavy burden of establishing a rare and extraordinary circumstance entitling them to obtain these materials. *See Baker*, 209 F.3d at 1053–1054; *Pittman*, 129 F.3d at 988; *Murphy*, 560 F.2d at 336.

▪ Defendants argue that to prepare effective cross-examination, and especially to expose the extent of counsel's influence on the experts' opinions, they need access to all the information that shaped the experts' opinions.

A defendant's contention that the attorney's work product shaped the expert's opinion demonstrates "little more than a speculative need for the documents in question." *All West Pet Supply Co. v. Hill's Pet Prod. Div., Colgate–Palmolive Co.*, 152 F.R.D. 634, 638 (D.Kan.1993). Courts generally do not allow discovery of a witness statement to an attorney if that witness is available to the other party. *Baker*, 209 F.3d at 1053–1054. A cross-examiner's central inquiry, moreover, is not whether, or to what extent, counsel influenced the expert, but is rather what is the basis of the expert's opinion? *Nexxus*, 188 F.R.D. at 10. Even without questioning counsel's role in assisting the expert, in cross-examination an attorney can effectively probe the adequacy and reliability of the expert's stated basis for his opinion. *Id.; All West Pet Supply*, 152 F.R.D. at 638 n. 6 (quoting *Bogosian*, 738 F.2d at 595). Such cross-examination, along with testimony of other experts, will expose deficiencies in the basis of an expert's opinion. *Id.*

The court finds that Defendants' need to cross examine experts in this case is not among the very rare and extraordinary circumstances, such as when the material sought shows an attorney engaged in illegal conduct or fraud, required to establish an exception to the nearly absolute immunity the Eighth Circuit affords to opinion work product. *See Baker*, 209 F.3d at 1054–1055;

*Pittman*, 129 F.3d at 988; *Murphy*, 560 F.2d at 336. Therefore, document Nos. 630–33 and 635 remain immune from discovery.

## CONCLUSION

Document Nos. 630–33 and 635 are opinion work product, and they are therefore protected by nearly absolute immunity, discoverable only under rare and extraordinary circumstances. Defendants' need to cross-examine experts in this case is not among the rare and extraordinary circumstances required to establish an exception. Therefore, the court **denies** Defendants' Motion to Compel Production, (Clerk's No. 174).

**IT IS SO ORDERED.**